1  Todd C. Ringstad - State Bar #97345
   todd@ringstadlaw.com
2  Nanette D. Sanders – State Bar #120169
   nanette@ringstadlaw.com
3  RINGSTAD & SANDERS, LLP
   2030 Main Street, Suite 1200
4  Irvine, CA 92714
   Telephone: (949) 851-7450
5  Facsimile: (949) 851-6926

6  General Insolvency Counsel for
   Dynamic Builders, Inc.

7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11  In re                          Case No. 8:10-14151 TA

12  DYNAMIC BUILDERS, INC., a       Chapter 11 Proceeding
    California corporation;
13                                  **NOTICE OF MOTION AND MOTION FOR
                                    ORDER APPROVING STIPULATIONS
14          Debtor and              BETWEEN (1) DEBTOR AND CITIZENS
            Debtor-in-Possession.   BANK, AND (2) DEBTOR AND CITY
15                                  NATIONAL BANK, AUTHORIZING USE
                                    OF CASH COLLATERAL;
16                                  DECLARATIONS OF L. RAMON BONIN
                                    AND NANETTE D. SANDERS**
17
                                    HEARING:
18                                  DATE:    July 14, 2010
                                    TIME:    10:00 a.m.
19                                  PLACE:   Courtroom 5B,
                                             United States Bankruptcy Court
20                                           411 W. Fourth Street
                                             Santa Ana, CA
21

22      **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES**

23  **BANKRUPTCY JUDGE AND OTHER INTERESTED PARTIES:**

24      **PLEASE TAKE NOTICE THAT** on July 14, 2010, at 10:00 a.m., before the Honorable

25  Theodor C. Albert, United States Bankruptcy Judge, in Courtroom 5B of the United States

26  Bankruptcy Court, located at 411 W. Fourth Street, Santa Ana, California, Dynamic Builders,

27  Inc., Debtor and Debtor in Possession in the above-entitled Chapter 11 proceeding ("Dynamic

28  and/or the "Debtor"), will, and hereby does, move the Court for an Order approving the proposed

*Left margin vertical text:* Ringstad & Sanders L.L.P. 2030 Main Street, 12th Floor Irvine, California 92614 949.851.7450

1   Cash Collateral Stipulations (collectively the "Stipulations") between the Debtor and Citizens

2   Business Bank ("Citizens"), and between the Debtor and City National Bank ("CNB").  A true

3   and correct copy of the Stipulation Between Citizens Business Bank and Debtor in Possession re

4   (A) Interim Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Grant of Adequate

5   Protection Pursuant to 11 U.S.C. §§ 361 and 363 Nunc Pro Tunc to the Petition Date (the

6   "Citizens Stipulation") is attached hereto as Exhibit "1".  A true and correct copy of the

7   Stipulation Between Debtor and City National Bank Authorizing Use of Cash Collateral (the

8   "CNB Stipulation") is attached hereto as Exhibit "2".

9        The Stipulations have also been filed in the Debtor's bankruptcy case as Docket # 94 and

10  # 95, respectively.  <u>Dynamic proposes to tender the referenced adequate protection payments to</u>

11  <u>Citizens and CNB so long as free and clear funds are on hand to do so.  As reflected in Exhibit</u>

12  <u>"4" to the Motion, Dynamic estimates that it will be in a position to tender payments for</u>

13  <u>approximately three (3) months after approval of the Stipulations.  Thereafter, Dynamic is</u>

14  <u>prepared to turnover net rents to Citizens and CNB as to those properties that generate rents.  In</u>

15  <u>addition, Dynamic is prepared to cure any shortfall in monthly adequate protection payments,</u>

16  <u>from the Petition Date forward, if there is a cash event that provides free and clear funds, i.e., the</u>

17  <u>sale of an unencumbered or underencumbered asset.</u>

18       This Motion is made pursuant to the requirements of Bankruptcy Code § 363(c), Rule

19  4001(d) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") and Local Bankruptcy Rule

20  4001-2, and is made on the grounds that the proposed Stipulations are in the best interests of the

21  estate and its creditors.  This Motion is based on the attached Memorandum of Points and

22  Authorities, the Declaration of L. Ramon Bonin (the "Bonin Declaration") and the Declaration of

23  Nanette D. Sanders (the "Sanders Declaration") attached hereto and filed concurrently herewith,

24  all pleadings, papers and records on file with the Court and such other evidence, oral or

25  documentary, as may be presented to the Court in connection with this Motion and any hearing

26  that may be requested hereon.

27       **IF YOU DO NOT OPPOSE THIS MOTION, you need take no further action.**

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1  **IF YOU DESIRE TO OPPOSE THIS MOTION**, pursuant to Local Bankruptcy Rule

2  9013-1(f), you must do so not later than 14 days before the hearing by filing a written

3  opposition to the Motion with the Clerk of the United States Bankruptcy Court (with a

4  duplicate copy), located at 411 W. Fourth Street, Santa Ana, California, 92701, and serving

5  the opposition on the Debtor's counsel, Nanette D. Sanders, at Ringstad & Sanders LLP,

6  located at 2030 Main Street, Suite 1200, Irvine, California 92614, and on the Office of the

7  United States Trustee, located at 411 West Fourth  Street, Suite 9041, Santa Ana, California

8  92701.

9       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule

10  9013-1(f)(1), your Response must contain a "[a] complete written statement of all reasons in

11  opposition thereto . . . , declarations and copies of all photographs and documentary

12  evidence on which the responding party intends to rely, and any responding memorandum

13  of points and authorities."  Failure to timely file and serve such an opposition to the Motion

14  may be deemed by the Court to be consent to the relief requested in the Motion.

15  **SEE LOCAL BANKRUPTCY RULE 9013-1.**

16       **WHEREFORE,** the Debtor respectfully requests that the Court enter an Order:

17       (1)    Approving the Citizens Stipulation attached hereto as Exhibit "1" and on file with

18  the Court in the Debtor's bankruptcy case as Docket # 94;

19       (2)    Approving the CNB Stipulation attached hereto as Exhibit "2" and on file with the

20  Court in the Debtor's bankruptcy case as Docket # 95; and,

21       (3) For such other and further relief as the Court deems just and proper.

22                                   Respectfully submitted,

23  DATED: June *23*, 2010            RINGSTAD & SANDERS LLP

24

25                              By:   _____

26                                   Todd C. Ringstad
                                     Nanette D. Sanders
27                                   General Insolvency Counsel for
                                     Dynamic Builders, Inc., Debtor and Debtor-in-Possession
28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

**A.    Jurisdiction and Venue.**

On March 31, 2010, L. Ramon Bonin and Patty A. Bonin (the "Bonins"), the shareholders of the Debtor and the guarantors of the company's institutional debt, commenced a voluntary Chapter 11 proceeding before this Court.  Immediately thereafter, also on March 31, 2010, Dynamic commenced this proceeding by the filing of a voluntary petition (the "Petition Date"), filing as a related case to that commenced by the Bonins.  In the interim, Dynamic has continued in possession of its real property and other assets and has continued to operate its businesses as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).  Venue over the Debtor's chapter 11 cases is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

**B.    Background and General Description of the Debtors.**

Dynamic Builders, founded in 1964 by L. Ramon Bonin, is a general contractor, principally involved in the construction of build to suit commercial/industrial building in the Los Angeles area.  The company buys land with the intent to subdivide it into parcels or otherwise obtain necessary entitlements, develop the site, and construct commercial/industrial buildings on a contract by contract basis.

The operations of Dynamic are overseen by Mr. Bonin, in his capacity as Chairman, and his son Blaise Bonin, general manager.  Mr. Bonin's son-in-law, Ken Jackson, serves as the Director of Sales.  The Bonins are the sole shareholders of Dynamic.

Historically Dynamic has funded the acquisition and development of specific sites through (i) acquisition and construction loans from lending institutions, with such loans secured by the project site and improvements; (ii) an unsecured, revolving line of credit with Comerica Bank; and, (iii) in some instances, investment in specific projects by individuals in the form of

Ringstad & Sanders LLP, 2030 Main Street, 12th Floor, Irvine, California 92614, 949.851.7450

unsecured notes.   In most if not all instances, the Bonins have guaranteed the loans which financed the acquisition and construction of each project.   Additionally, each secured lender has been granted an assignment of leases and rents with respect to each property securing a specific loan.   These assignments purport to give each lender the right to collect any rents that accrue from the respective property following an uncured default under the related loan.

**C.**     **The Secured Lenders.**

Set forth below is a summary of secured lenders (collectively, the "Secured Lenders") who financed the acquisition and construction of the Debtor's existing properties, and were granted a security interest in the real and personal property for the purpose of securing repayment of the loans:

| Secured Creditor | Description of Property Subject to Creditors Lien | Scheduled Value[1] | Amount of Claim[2] |
|---|---|---|---|
| Bank of America | 3020-3090 E. Washington Los Angeles, CA Commercial Building | $58,010,000 | $47,449,799 |
| Bank of America | 2914 E. Washington, Los Angeles, CA Vacant Land | $1,124,872 | $1,266,335 |
| Citizens Business Bank | 2900 Lugo St. Los Angeles, CA Vacant Land (the "Lugo Land") | $1,689,350 | $2,100,000 |
| Citizens National Bank | 16000 Main St Carson, CA Industrial Condos | $9,655,000 | $6,993,089 |
| Citizens Business Bank | 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |
| City National Bank | 1925 N. Marinanna/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |

---

[1]  Values as reflected in the Debtor's Schedules.  The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[2]  Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| | | | |
|---|---|---|---|
| City National Bank | 1000 E. Olympic<br>Los Angeles, CA<br>Vacant Land | $3,500,000 | $2,551,740 |
| City National Bank | 2035 Camfield<br>Commerce, CA<br>Commercial Building<br>(the "Camfield Property") | $7,000,000 | $13,446,000 |
| City National Bank | 1105-1107 S. Boyle – Parcel 3<br>Los Angeles, CA<br>Vacant Land | $3,675,448 | $6,051,612 |
| City National Bank | 1115-1129 S. Boyle –<br>Building 2<br>Los Angeles, CA<br>Warehouse/office building | $9,731,070 | $8,362,218 |
| City National Bank | 1133-1149 S. Boyle –<br>Building 1<br>Los Angeles, CA<br>Warehouse/Office Building | $11,733,930 | $9,889,742 |
| City National Bank | 1151 & 1155 S. Boyle<br>Los Angeles, CA<br>Warehouse/office building<br>(the 1105-1107, 1115-1129, 1133-1149 and 1151 & 1155 S. Boyle properties are referred to hereinafter collectively as the "Boyle Properties"). | $6,718,040 | $4,793,388 |
| **TOTAL** | | **$130,790,612** | **$113,181,128** |

**D.     Comerica Bank.**

The Bonins are co-borrowers with the Debtor on an unsecured obligation to Comerica related to an Amended and Restated Business Loan Agreement dated June 4, 2007 (the "Comerica Loan Agreement").  Under the Comerica Loan Agreement, Comerica provided Dynamic and the Bonins with certain credit facilities on a combined, co-borrower basis.  Prior to the Petition Date, the Debtor and the Bonins defaulted on the obligations to Comerica, and, as a result thereof, in May 2009 Comerica gave the co-obligors notice that it had accelerated the

1    obligations due and later filed a complaint in the Orange County Superior Court entitled

2    Comerica Bank v. Dynamic Builders, Inc., et al., Case No. 30-2009-00123616.  In connection

3    with this litigation Comerica filed an application for right to attach order and writ of attachment

4    against the Debtor and the Bonins.

5    **E.**        **Events Leading to Bankruptcy Filing.**

6           Multiple factors have converged resulting in Dynamic's current cash flow difficulties, and

7    requiring both the company and the Bonins to reorganize their financial affairs under the

8    protection of Chapter 11.  Most significantly, unprecedented events in the real estate, credit and

9    financial markets have led to the cancellation of purchase agreements by several customers,

10   leaving Dynamic as a property owner and manager rather than seller of commercial properties.

11          Dynamic and the Bonins acted swiftly to address the company's operating issues by

12   substantially reducing its workforce and activity marketing not only its existing projects but also

13   those in the planning stages.  While Dynamic and the Bonins focused their efforts on finding a

14   solution to this unprecedented situation in the company's 40 year very profitable history, certain

15   creditors began taking actions that, absent the commencement of the cases, would have had a

16   disastrous effect on the ability of both Dynamic and the Bonins to maximize the value of their

17   assets and the enterprise as a whole.

18          With the assistance of FTI Consulting, Dynamic and the Bonins spent more than a year

19   pre-petition attempting to negotiate a complete restructure of its obligations to the Secured

20   Lenders and Comerica.  These efforts were ultimately unsuccessful.  However, as set forth below,

21   Dynamic believes it has developed a restructuring plan that will maximize the value of its real

22   estate assets, preserve on going operations and maximize the return to all creditors.

23   **F.**        **The Cash Collateral Stipulations.**

24          As referenced in Section I.C above, the Secured Lenders were granted security interests in

25   the referenced properties, which interests include an assignment of the right to collect any rents

26   that accrue from the properties following a default.

27          As set forth in the Bonin Declaration, the following properties generate rental or lease

28   income on a monthly basis:

Ringstad & Sanders
L.L.P.
2030 Main Street, 17ᵗʰ Floor
Irvine, California 92614
949.851.7450

| Bank of America | 3020-3090 E. Washington, Los Angeles, CA Commercial Building |
|---|---|
| Citizens National Bank | 16000 Main St, Carson, CA Industrial Condos (the "Carson Condos") |
| City National Bank | 1000 E. Olympic, Los Angeles, CA Vacant Land  (generates parking income) |
| City National Bank | 2035 Camfield, Commerce, CA Commercial Building |
| City National Bank | 1115-1129 S. Boyle (Bldg. 2), Los Angeles, CA Warehouse/office building |
| City National Bank | 1133-1149 S. Boyle (Bldg. 1), Los Angeles, CA Warehouse/Office Building |
| City National Bank | 1151 & 1155 S. Boyle, Los Angeles, CA Warehouse/office building |

Proposed operating budgets as to each property (other than the Washington Food Center which is not the subject of this Motion) are submitted as Exhibit "3" to the Bonin Declaration and incorporated by this reference.

The remaining properties of the estate consist of unimproved land and the cost of maintaining same are included as a component of overhead in the budget attached to the Bonin Declaration as Exhibit "4".

Citizens has filed two UCC-1 financing statements asserting a security interest in all or substantially all of the personal property assets of Dynamic.

On June 2, 2010, this Court heard and considered Dynamic's motion to borrow operating funds from the Bonin Chapter 11 estate and, in conjunction therewith, Dynamic's motion for authorization to use cash collateral.  Dynamic has been authorized to borrow up to $500,000 from the Bonin estate with which to pay corporate overhead expenses and anticipated interest payments to Citizens and CNB in conjunction with cash collateral stipulations that the parties were finalizing at the time of the June 2 hearings.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    By the cash collateral motion, the Debtor sought authority to use rents generated from its

2  various properties to pay property specific expenses.  The motion was granted.

3    Dynamic, Citizens and CNB have now completed their respective Stipulations and proffer

4  the same to the Court for approval.  A proposed stipulation with Bank of America is expected to

5  be submitted shortly.

6                                   **II.**

7            **THE CASH COLLATERAL STIPULATIONS AND**

8                 **APPLICABLE LEGAL AUTHORITY**

9    1.    **Applicable Legal Authority.**

10  Bankruptcy Code § 363(c)(1) and (2) provide, in relevant part:

11        (c)(1)  If the business of the debtor is authorized to be operated

12      under section...1108...of this title and unless the court orders otherwise,

13      the trustee may enter into transactions, including the sale or lease of

14      property of the estate, in the ordinary course of business, without notice or

15      a hearing, and may use property of the estate in the ordinary course of

16      business, without notice or a hearing, and may use property of the estate in

17      the ordinary course of business without notice or a hearing.

18        (2)  The trustee may not use, sell or lease cash collateral under

19      paragraph (1) of this subsection unless - (A) each entity that has an interest

20      in such cash collateral consents; ....

21  F.R.B.P. Rule 4001(d) provides, in relevant part, that:

22        (d)(1)(A)  A motion for approval of any of the following shall be

23      accompanied by a copy of the agreement and a proposed form of order: ...

24      (iv) an agreement to use cash collateral;

25                                   ***

26        (C)  The motion shall be served on: (1) ... if the case is...a

27      chapter 11 reorganization case and no committee of unsecured creditors

28      has been appeared under § 1102, on the creditors included on the list filed

Ringstad & Sanders
L.L.P.
2030 Main Streets, 12th Floor
Irvine, California 92614
949.851.7450

1    under Rule 1007(d) [creditors holding 20 largest unsecured claims]; and

2    (2) on any other entity the court directs.

3    Lastly, Local Bankruptcy Rule 4001-2(b), (c) and (d) provide, in relevant part, that:

4    (b)  To the extent not otherwise required by FRBP 4001(b)(1)(B)

5    and (c)(1)(B), a Financing Motion must identify whether the proposed form of

6    order and/or underlying cash collateral stipulation…contains any provision

7    that:

8    (1) Grants cross-collateralization protection (other than

9    replacement liens or other adequate protection) to the prepetition secured

10   creditors…;

11   (2)  Binds the estate or all parties in interest with respect to the

12   validity, perfection, or amount of the secured creditor's prepetition lien or

13   debt or the waiver of claims against the secured creditor;

14   (3)  Waives or limits the estate's rights under 11 U.S.C. § 506(c);

15   (4)  Grants to the prepetition secured creditor liens on the

16   debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545,

17   547, 548, or 549;

18   (5)  Deems prepetition secured debt to be postpetition debt or

19   that use postpetition loans from a prepetition secured creditor to pay part

20   or all of that secured creditor's  prepetition debt, other than as provided in

21   11 U.S.C. § 552(b);

22   (6)  Provides disparate treatment for the professionals retained by

23   a creditors' committee from that provided for the professionals retained by

24   the debtor with respect to a professional fee carve out; or

25   (7)  Primes any secured lien.

26   **2.    <u>Summary of the Essential Terms of the Stipulations.</u>**

27   Following the commencement of its bankruptcy case, Dynamic and Citizens have

28   negotiated the Citizens Stipulation authorizing Dynamic's use of Citizen's cash collateral to

Ringstad & Sanders
L.L.P.
2030 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

- 10 -

Ringstad & Sanders
L.L.P.
2030 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

1 | provide for the preservation of Citizen's real property collateral and its continued operation as a

2 | going concern. A true and copy of the Stipulation is attached as Exhibit "1" to the Sanders

3 | Declaration. The Citizens Stipulation has been filed with the Court and is Docket #94.

4 | In addition, Dynamic and CNB have negotiated the CNB Stipulation authorizing

5 | Dynamic's use of CNB's cash collateral to provide for the preservation of CNB's real property

6 | collateral and its continued operation as a going concern. A copy of the CNB Stipulation is

7 | attached as Exhibit "2" to the Sanders Declaration. The CNB Stipulation has been filed with the

8 | Court and is Docket #95.

9 | Pursuant to the requirements of Local Bankruptcy Rule 4001-2(c), the following is a

10 | summary of the terms and conditions of the Stipulations:

11 | Under the terms of the Stipulations, Dynamic is entitled, until further Order of the Court,

12 | to continue to operate the real property collateral of Citizens and CNB, and to collect all income

13 | derived therefrom. The Stipulations also provide that Dynamic is entitled to pay, from the

14 | income derived from the referenced properties, all expenses directly related to the operation,

15 | preservation and maintenance of the properties in amounts not to exceed the projected line item

16 | expenses provided in the monthly operating budgets attached to the Stipulations. The

17 | Stipulations further provide that Dynamic shall be entitled to exceed the total budgeted amount of

18 | expenses set forth in its projected budget in any given calendar month by no more than 10%

19 | without the written approval of the respective lender.

20 | Pursuant to the Citizens Stipulation, Dynamic shall pay to Citizens, on a monthly basis, as

21 | adequate protection of its interests in the real property collateral, on the later of May 1, 2010, or

22 | the date of entry of the order approving the stipulation, and continuing on the first of each month

23 | thereafter, the regular monthly interest payments due for the Carson Condos and the Lugo Land,

24 | in the amount of approximately $24,087.30 and $4,581.41, respectively, (with the understanding

25 | that the interest rate on the Lugo Land obligation is a floating rate).

26 | Pursuant to the CNB Stipulation, Dynamic shall pay to CNB, on a monthly basis, as

27 | adequate protection of CNB's interests in the referenced properties, from the date of entry of the

28 | order approving the stipulation, and continuing each month thereafter, the regular monthly

1  interest payments due for the Boyle Properties (in the aggregate) and the Camfield Property, in

2  the approximate amounts of $65,700 and $36,400, respectively.

3      The Stipulations provide that Citizens and CNB will retain a perfected continuing lien in

4  all income generated by their respective real property collateral to the extent provided for in the

5  respective loan documents, and further that Dynamic shall have sixty (60) days from the date of

6  the order of this Court approving the Stipulations to bring avoidance actions with regard to or

7  otherwise challenge the validity of each lender's liens and claims.  This deadline is not applicable

8  to any creditor or other party in interest.

9      See Exhibits "1" and "2" hereto for the full and complete terms and conditions set forth in

10  the Stipulations.  Attached hereto as Exhibit "5" is a proposed form of Order on the Motion

11  granting Court approval to the Stipulation.

12      Dynamic proposes to tender the referenced adequate protection payments to Citizens and

13  CNB so long as free and clear funds are on hand to do so.  As reflected in Exhibit "4", Dynamic

14  estimates that it will be in a position to tender payments for approximately three (3) months after

15  approval of the Stipulations.  Thereafter, Dynamic is prepared to turnover net rents to Citizens

16  and CNB as to those properties that generate rents.  In addition, Dynamic is prepared to cure any

17  shortfall in monthly adequate protection payments, from the Petition Date forward, if there is a

18  cash event that provides free and clear funds, i.e., the sale of an unencumbered or

19  underencumbered asset.

20      **3.    The Court Should Approve the Stipulations and Authorize Dynamic's Use of**

21          **Cash Collateral Pursuant Thereto.**

22      In the instant case, Citizens and CNB are the only parties with an interest in the cash

23  collateral which is the subject of the Stipulations.  Moreover, Dynamic's payment of adequate

24  protection to the lenders on specified properties is designed and intended to preserve the status

25  quo while Dynamic proceeds with its sales and marketing efforts, and most importantly avoid

26  potentially costly litigation with the lenders regarding the values of their respective parcels of real

27  property in the interim, including their entitlement to adequate protection payments.

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    The rights of Dynamic, Citizens, CNB and all creditors to determine the appropriate

2    application of the payments is preserved pending the development of the relevant facts to make

3    such determinations.

4        As noted by Dynamic in its reply to the opposition of Comerica Bank to the borrowing

5    motion heard on June 2, 2010, post petition Dynamic has endeavored to work cooperatively with

6    its lenders and also to negotiate consensual cash collateral arrangements with each. The basic

7    terms contemplated for a cash collateral arrangement with CNB have been finalized and are as

8    represented in that reply, as follows:

9    CNB Collateral:

| Description of Property Subject to Creditors Lien | Scheduled Value[3] | Amount of Claim[4] |
|---|---|---|
| 1925 N. Marinanna/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |
| 1000 E. Olympic Los Angeles, CA Vacant Land | $3,500,000 | $2,551,740 |
| 2035 Camfield Commerce, CA Commercial Building | $7,000,000 | $13,446,000 |
| 1105-1107 S. Boyle – Parcel 3 Los Angeles, CA Vacant Land<br><br>1115-1129 S. Boyle – Building 2 Los Angeles, CA Warehouse/office building<br><br>1133-1149 S. Boyle – Building 1 Los Angeles, CA Warehouse/Office Building<br><br>1151 & 1155 S. Boyle Los Angeles, CA Warehouse/office building | Aggregate Value: Approx. $31,858,488 | Aggregate Claim: $29,196,960<br><br>(this aggregate claim is cross collateralized by the four referenced properties) |

[3] Values as reflected in the Debtor's Schedules. The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.

[4] Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

1    Dynamic believes it necessary and/or appropriate to pay post petition interest, at the non-

2    default contract rate, as to the Boyle Properties and the Camfield Property, provided Dynamic has

3    sufficient funds to do so given the limited borrowing from the Bonin estate authorized by the

4    Court.

5    Dynamic's obligations to CNB on the Boyle Properties are cross-collateralized. Based

6    upon the Debtor's estimates of current value, there is equity in the properties as a package, but it

7    is unclear whether more than a 20% equity cushion exists. Given current case law in the Ninth

8    Circuit, Dynamic does not believe it a prudent use of limited estate resources to litigate with CNB

9    – at this stage of the case - over the values of the properties to determine the extent of the equity

10    cushion.

11    Monthly interest or adequate protection payments for the Boyle Properties, at the non-

12    default rate, total approximately $65,000. After application of any net rents generated, Dynamic

13    expects to fund at least $58,000 of this amount through the proposed borrowing until additional

14    tenants are in place or additional units in the development are sold. Interest relating to 1151 S.

15    Boyle will be paid through a pending sale of that property which has been approved by the Court

16    and is scheduled to close immediately now that the order became final on June 11, 2010.

17    With regard to the Camfield Property, both Dynamic and CNB believe that CNB is

18    undersecured. However, both agree that the construction Dynamic is undertaking on a medical

19    facility across the street from this property is likely to bring new customers to the Gold's Gym

20    facility that is the primary tenant at the Camfield Property, thereby allowing the tenant to pay its

21    full monthly lease obligation to Dynamic rather than the reduced rent presently being paid. This

22    will increase the value of the property, allowing it to be sold for a price greater than could be

23    achieved today, and thereby reducing the deficiency claim of CNB against both the Dynamic and

24    Bonin estates. CNB and Dynamic have discussed whether relief from stay should be granted on

25    this property but both believe a decision should be deferred until the impact of the construction of

26    the new medical facility discussed above can be assessed, with the proviso that CNB insists it be

27    paid the equivalent of post-petition interest in the interim as adequate protection. As reflected in

28    the property specific budgets attached as Exhibit "3" to the Bonin Declaration, the Camfield

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1  Property generates approximately $25,100 per month in net rents before property tax reserves.

2  Monthly interest at the non-default rate of 3.25% totals approximately $36,500, leaving

3  approximately $11,300 (after application of net rents) to be funded by Dynamic.

4      CNB and Dynamic have agreed that at this time (i) no interest payments will be paid

5  relating to the Maryanne/Worth and 1000 E. Olympic properties given the current equity cushions

6  believed to exist, although interest will continue to accrue, and (ii) there will be no waiver of the

7  rights of either party as to the application of these post-petition payments.  Such a determination

8  will be made in connection with the ultimate disposition of the property or through a plan of

9  reorganization.

10      With regard to Citizens, its real property collateral can be summarized as follows:

| Description of Property Subject to Creditors Lien | Scheduled Value5 | Amount of Claim6 |
|---|---|---|
| 2900 Lugo St. Los Angeles, CA Vacant Land (the "Lugo Land") | $1,689,350 | $2,100,000 |
| 16000 Main St Carson, CA Industrial Condos (the "Carson Condos") | $9,655,000 | $6,993,089 |
| 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |

20      Dynamic and Citizens agree that the equity cushion in the San Leandro property provides

21  adequate protection of the lender's interest in the property for some period of time.  As such, the

22  Citizens Stipulation does not provide for adequate protection payments on this property.

23      As to the Carson Condos and the Lugo Land, Citizens believes that Dynamic has ascribed

24  too high a value to the Carson property, and too low a value to the Lugo Land.  Neither Dynamic

25  nor Citizens have obtained new or updated appraisals and have entered into the Citizens

26  Stipulation in an effort to avoid the cost of such appraisals and any resulting litigation regarding

27  5 Values as reflected in the Debtor's Schedules. The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.

28  6 Estimated principal balance as of the Petition Date.

Ringstad & Sanders L.L.P. 2030 Main Street, 12th Floor Irvine, California 92614 949.851.7450

1    equity/adequate protection.

2        Dynamic submits that interest/adequate protection payments to Citizens as proposed by

3    the Citizens Stipulation is fair, equitable and appropriate given the circumstances of the

4    referenced properties, provided Dynamic has sufficient funds to do so given the limited

5    borrowing from the Bonin estate authorized by the Court.

6    **III.**

7    **<u>CONCLUSION</u>**

8        This Notice of Motion and Motion have been served in accordance with the requirements

9    of F.R.B.P. Rule 4001(d)(1)(C).

10        Pursuant to the requirements of Local Bankruptcy Rule 4001-2(d), Dynamic has filed and

11    served concurrently herewith Court-approved form F 4001-2.

12        Pursuant to the requirements of Local Bankruptcy Rule 4001-2(b), Dynamic hereby

13    represents that neither the Stipulations nor the proposed Order on this Motion approving the

14    Stipulations contain any of the above-described provisions set forth in Local Bankruptcy Rule

15    4001-2(b)(1) through (7).

16        In light of the foregoing, Dynamic submits that there is good cause for the Court to

17    approve the Stipulations, and to authorize Dynamic's use of cash collateral as set forth therein,

18    because the proposed Stipulations are clearly in the best interests of the estate and its creditors.

19        **WHEREFORE,** Dynamic respectfully requests that the Court enter an Order:

20        (1)    Approving the Citizens Stipulation, attached hereto as Exhibit "1" and on file with

21    the Court in the Debtor's bankruptcy case as Docket # 94;

22        (2)    Approving the CNB Stipulation, attached hereto as Exhibit "2" and on file with the

23    Court in the Debtor's bankruptcy case as Docket # 95; and,

24    ///

25    ///

26    ///

27    ///

28    ///

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    (3) For such other and further relief as the Court deems just and proper.

2                                    Respectfully submitted,

3    DATED: June 23, 2010           RINGSTAD & SANDERS LLP

4

5    By: _____

6              Todd C. Ringstad
              Nanette D. Sanders

7    General Insolvency Counsel for
    Dynamic Builders, Inc., Debtor and Debtor-in-Possession

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

### DECLARATION OF L. RAMON BONIN

I, L. Ramon Bonin, declare as follows:

1.     I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.

2.     My wife Patty A. Bonin and I are the debtors and debtors-in-possession in the bankruptcy case of In re L. Ramon Bonin and Patty A. Bonin, Case No. 8:10-bk-14067 TA.  We filed a petition under Chapter 11 of the Bankruptcy Code on March 31, 2010 ("Petition Date") and have continued in the possession of our property and the management of our affairs.

3.     My wife and I have been in the real estate development, construction, and sales business for 46 years.  We directly own seventeen properties in Los Angeles, Orange, Riverside and San Bernardino Counties and an additional building subject to a ground lease located in San Bernardino County.

4.     My wife and I also own 100% of the common stock of Dynamic Builders, Inc. (the "Debtor" and/or "Dynamic"), which separately owns six completed properties and seven parcels of vacant, encumbered in favor of various lenders, as described in the following chart:

| Secured Creditor | Description of Property Subject to Creditor's Lien |
|---|---|
| Bank of America | 3020-3090 E. Washington, Los Angeles, CA<br>Commercial Building |
| Bank of America | 2914 E. Washington, Los Angeles, CA<br>Vacant Land |
| Citizens Business Bank | 2900 Lugo St., Los Angeles, CA<br>Vacant Land |
| Citizens National Bank | 16000 Main St, Carson, CA<br>Industrial Condos |
| Citizens Business Bank | 400 Hudson Lane, San Leandro, CA<br>Vacant Land |
| City National Bank | 1925 N. Marinanna/4671 Worth, Los Angeles<br>Vacant Land |
| City National Bank | 1000 E. Olympic, Los Angeles, CA<br>Vacant Land |

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

- 18 -

| City National Bank | 2035 Camfield, Commerce, CA<br>Commercial Building |
| City National Bank | 1105-1107 S. Boyle (Parcel 3), Los Angeles, CA<br>Vacant Land |
| City National Bank | 1115-1129 S. Boyle (Bldg. 2), Los Angeles, CA<br>Warehouse/office building |
| City National Bank | 1133-1149 S. Boyle (Bldg. 1), Los Angeles, CA<br>Warehouse/Office Building |
| City National Bank | 1151 & 1155 S. Boyle, Los Angeles, CA<br>Warehouse/office building |

5. Dynamic also filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2010.

6. Pre-petition Dynamic has funded the acquisition and development of specific sites through (i) acquisition and construction loans from lending institutions, with such loans secured by the project site and improvements; (ii) an unsecured, revolving line of credit with Comerica Bank; and, (iii) in some instances, investment in specific projects by individuals in the form of unsecured notes. In most if not all instances, the Bonins have guaranteed the loans which financed the acquisition and construction of each project. Additionally, each secured lender has been granted an assignment of leases and rents with respect to each property securing a specific loan.

7. My wife and I have given personal guarantees on various loans related to the properties owned by Dynamic. These guarantee obligations may exceed $145,000,000. For more than a year prior to the Petition Date, my wife and I funded shortfalls in Dynamic's finances from our personal funds. This was done in part to ensure that Dynamic met its obligations, but also because these payments benefited us. Because of our guarantees, a default by Dynamic would have a direct and dramatic negative impact on my wife and me.

8. Although the properties owned by my wife and me in our individual capacity are unencumbered, we are the principals and shareholders of the Debtor and have guaranteed the Debtor's financial obligations to its three secured lenders, Bank of America ("BofA"), City

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    National Bank ("CNB") and Citizens Business Bank ("Citizens").

2          9.      I founded Dynamic in 1964 and it is a general contractor, principally involved in

3    the construction of build to suit commercial/industrial building in the Los Angeles area. The

4    company buys land with the intent to subdivide it into parcels or otherwise obtain necessary

5    entitlements, develop the site, and construct commercial/industrial buildings on a contract by

6    contract basis. The operations of Dynamic are overseen by me, in my capacity as Chairman, and

7    my son Blaise Bonin, general manager. My son-in-law, Ken Jackson, serves as the Director of

8    Sales.

9          10.      Historically, Dynamic has operated as a merchant builder, working with its

10    customers, under contract, to acquire and entitle land for development, and thereafter constructing

11    buildings to the client's specifications. Upon completion, the finished buildings are sold to the

12    client or an investor located by the client who then leases the property to the client. Of the

13    properties listed above that are presently owned by Dynamic, each was acquired and/or developed

14    for a specific client who subsequently was unable to perform on a purchase contract given market

15    conditions that developed in 2008 and 2009. One of the potential buyers filed its own Chapter 11

16    bankruptcy proceeding, one of the buyers was unable to obtain financing, and the third buyer

17    back-out when the appraisal of the building did not support the required debt. In the aggregate

18    the properties presently have an overall occupancy level of approximately 21%.

19          11.      My wife and I are co-borrowers with Dynamic on an unsecured obligation to

20    Comerica related to an Amended and Restated Business Loan Agreement dated June 4, 2007 (the

21    "Comerica Loan Agreement"). Under the Comerica Loan Agreement, Comerica provided

22    Dynamic and my wife and I with certain credit facilities on a combined, co-borrower basis. Prior

23    to the Petition Date, the obligation to Comerica matured and Comerica declared a default. As a

24    result, in May 2009, Comerica gave the co-obligors notice that it had accelerated the obligations

25    due and later filed a complaint in the Orange County Superior Court entitled <u>Comerica Bank v.</u>

26    <u>Dynamic Builders, Inc., et al.</u>, Case No. 30-2009-00123616. In connection with this litigation

27    Comerica filed an application for right to attach order and writ of attachment against the Debtor

28    and my wife and I.

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

12.     Prior to the Petition Date, Dynamic and I had been in discussions with the secured lenders and Comerica to conduct an orderly liquidation of Dynamic's real estate holdings and provide collateral to Comerica. However, after nearly a year of negotiations, final agreements could not be reached and, in an effort maximize the value of their assets for all creditors, Dynamic and my wife and I commenced their respective Chapter 11 cases.

13.     As the owners of 100% of the shares of Dynamic, and as the guarantors (or co-obligors) of Dynamic's institutional debt, my wife and I have a direct financial interest in assisting Dynamic in meeting its post-petition obligations. It was a common practice for more than a year prior to the Petition Date for us to loan money to Dynamic from our personal funds. Dynamic has approached its institutional lenders for consensual use of cash collateral as to those properties that generate rents, as well as approval for what can be generally described as a line of credit from my wife and I to support its on-going operations and related corporate overhead, including interest payments to the secured lenders on certain properties. The discussions have culminated in cash collateral agreements between Dynamic, CNB and Citizens, respectively. I expect an agreement to be reached with BofA shortly. The agreements with CNB and Citizens require interest payments by Dynamic on identified properties, and specifically contemplate lending from the Bonin estate to the Dynamic estate.

14.     As reflected in Dynamic's schedules, and subject to the qualifications set forth in the footnotes, the following chart summarizes Dynamic's estimate of the fair market value of each property in its portfolio and the secured claim asserted against each:

///
///
///
///
///
///
///

Ringstad & Sanders
L.L.P.
2030 Main Street, 17ᵗʰ Floor
Irvine, California 92614
949.851.7450

Ringstad & Sanders
L.L.P.
2030 Main Street , 17ᵗʰ Floor
Irvine, California 92614
949.851.7450

| Secured Creditor | Description of Property Subject to Creditors Lien | Scheduled Value[7] | Amount of Claim[8] |
|---|---|---|---|
| Bank of America | 3020-3090 E. Washington Los Angeles, CA Commercial Building | $58,010,000 | $47,449,799 |
| Bank of America | 2914 E. Washington, Los Angeles, CA Vacant Land | $1,124,872 | $1,266,335 |
| Citizens Business Bank | 2900 Lugo St. Los Angeles, CA Vacant Land | $1,689,350 | $2,100,000 |
| Citizens National Bank | 16000 Main St Carson, CA Industrial Condos | $9,655,000 | $6,993,089 |
| Citizens Business Bank | 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |
| City National Bank | 1925 N. Marinanna/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |
| City National Bank | 1000 E. Olympic Los Angeles, CA Vacant Land | $3,500,000 | $2,551,740 |
| City National Bank | 2035 Camfield Commerce, CA Commercial Building | $7,000,000 | $13,446,000 |
| City National Bank | 1105-1107 S. Boyle – Parcel 3 Los Angeles, CA Vacant Land | $3,675,448 | $6,051,612 |
| City National Bank | 1115-1129 S. Boyle – Building 2 Los Angeles, CA Warehouse/office building | $9,731,070 | $8,362,218 |
| City National Bank | 1133-1149 S. Boyle – Building 1 Los Angeles, CA Warehouse/Office Building | $11,733,930 | $9,889,742 |
| City National Bank | 1151 & 1155 S. Boyle Los Angeles, CA Warehouse/office building | $6,718,040 | $4,793,388 |
| TOTAL | | $130,790,612 | $113,181,128 |

---

[7] Values as reflected in the Debtor's Schedules. The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[8] Estimated principal balance as of the Petition Date.

15.    The following Dynamic properties generate monthly cash flow from tenants occupying or using the subject premises:

| Bank of America | 3020-3090 E. Washington, Los Angeles, CA<br>Commercial Building |
|---|---|
| Citizens National Bank | 16000 Main St, Carson, CA<br>Industrial Condos |
| City National Bank | 1000 E. Olympic, Los Angeles, CA<br>Vacant Land  (generates parking income) |
| City National Bank | 2035 Camfield, Commerce, CA<br>Commercial Building |
| City National Bank | 1115-1129 S. Boyle (Bldg. 2), Los Angeles, CA<br>Warehouse/office building |
| City National Bank | 1133-1149 S. Boyle (Bldg. 1), Los Angeles, CA<br>Warehouse/Office Building |
| City National Bank | 1151 & 1155 S. Boyle, Los Angeles, CA<br>Warehouse/office building |

16.    Attached hereto as Exhibit "3" collectively are operating budgets for each property in the Dynamic portfolio that generates rental income, with the exception of the Washington Food Center given that the cash collateral of that property is not impacted by this motion.

17.    Attached hereto as Exhibit "4" is a current operating projection reflecting the cash needs of Dynamic through the calendar year 2010 for the payment of corporate overhead and property specific expenses, including interest payments to secured creditors.  This projection was prepared by Dynamic's accounting staff under my supervision and has been modified subsequent to the hearing on Dynamic's motion to borrow to reflect reduced borrowing of $500,000 from the Bonin bankruptcy estate.

18.    In preparing Exhibits "3" and "4", tax reserves have not been established.  Real property taxes due and owing through April 10, 2010 have been paid current by Dynamic following receipt of a Court approved post petition loan from my wife and I.

19.    Post petition Dynamic has endeavored to work cooperatively with its lenders and also to negotiate consensual cash collateral arrangements with each.  The basic terms contemplated for a cash collateral arrangement with CNB have been finalized as follows:

CNB Collateral:

| Description of Property Subject to Creditors Lien | Scheduled Value[9] | Amount of Claim[10] |
|---|---|---|
| 1925 N. Marinanna/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |
| 1000 E. Olympic Los Angeles, CA Vacant Land | $3,500,000 | $2,551,740 |
| 2035 Camfield Commerce, CA Commercial Building | $7,000,000 | $13,446,000 |
|  |  |  |
| 1105-1107 S. Boyle – Parcel 3 Los Angeles, CA Vacant Land  1115-1129 S. Boyle – Building 2 Los Angeles, CA Warehouse/office building  1133-1149 S. Boyle – Building 1 Los Angeles, CA Warehouse/Office Building  1151 & 1155 S. Boyle Los Angeles, CA Warehouse/office building | Aggregate Value: Approx. $31,858,488 | Aggregate Claim: $29,196,960  (this aggregate claim is cross collateralized by the four referenced properties) |

Dynamic believes it necessary and/or appropriate to pay post petition interest, at the non-default contract rate, as to the Boyle Properties and the Camfield Property, provided Dynamic has sufficient funds to do so given the limited borrowing from the Bonin estate authorized by the Court.

---

[9] Values as reflected in the Debtor's Schedules.  The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[10] Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

20.     Monthly interest or adequate protection payments for the Boyle Properties, at the non-default rate, total approximately $65,000.  After application of any net rents generated, Dynamic expects to fund at least $58,000 of this amount through the proposed borrowing until additional tenants are in place or additional units in the development are sold.  Interest relating to 1151 S. Boyle will be paid through a pending sale of that property which has been approved by the Court and is scheduled to close immediately now that the order became final on June 11, 2010.

21.     With regard to the Camfield Property, both Dynamic and CNB believe that CNB is undersecured.  However, both agree that the construction Dynamic is undertaking on a medical facility across the street from this property is likely to bring new customers to the Gold's Gym facility that is the primary tenant at the Camfield Property, thereby allowing the tenant to pay its full monthly lease obligation to Dynamic rather than the reduced rent presently being paid.  This will increase the value of the property, allowing it to be sold for a price greater than could be achieved today, and thereby reducing the deficiency claim of CNB against both the Dynamic and Bonin estates.  CNB and Dynamic have discussed whether relief from stay should be granted on this property but both believe a decision should be deferred until the impact of the construction of the new medical facility discussed above can be assessed, with the proviso that CNB insists it be paid the equivalent of post-petition interest in the interim as adequate protection.  As reflected in the property specific budgets [Exhibit "3"], the Camfield Property generates approximately $25,100 per month in net rents before property tax reserves.  Monthly interest at the non-default rate of 3.25% totals approximately $36,500, leaving approximately $11,300 (after application of net rents) to be funded by Dynamic.

22.     CNB and Dynamic have agreed that at this time (i) no interest payments will be paid relating to the Maryanne/Worth and 1000 E. Olympic properties given the current equity cushions believed to exist, although interest will continue to accrue, and (ii) there will be no waiver of the rights of either party as to the application of these post-petition payments.

///

///

Ringstad & Sanders
L.L.P.
2030 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

23.    With regard to Citizens, its real property collateral can be summarized as follows:

| Description of Property Subject to Creditors Lien | Scheduled Value11 | Amount of Claim12 |
|---|---|---|
| 2900 Lugo St. Los Angeles, CA Vacant Land (the "Lugo Land") | $1,689,350 | $2,100,000 |
| 16000 Main St Carson, CA Industrial Condos (the "Carson Condos") | $9,655,000 | $6,993,089 |
| 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |

24.    Dynamic and Citizens agree that the equity cushion in the San Leandro property provides adequate protection of Citizen's interest in the property for some period of time.  As such, the Citizens Stipulation does not provide for adequate protection payments on this property.

25.    As to the Carson Condos and the Lugo Land, Citizens believes that Dynamic has ascribed too high a value to the Carson property, and too low a value to the Lugo Land.  Neither Dynamic nor Citizens have obtained new or updated appraisals and have entered into the Citizens Stipulation in an effort to avoid the cost of such appraisals and any resulting litigation regarding equity/adequate protection.

26.    Dynamic submits that interest/adequate protection payments to Citizens as proposed by the Citizens Stipulation is fair, equitable and appropriate given the circumstances of the referenced properties, provided Dynamic has sufficient funds to do so given the limited borrowing from the Bonin estate authorized by the Court.

---

[11]    Values as reflected in the Debtor's Schedules. The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[12]    Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct. Executed on June 23, 2010, at Los Angeles , California.

3

4                                                    L. Ramon Bonin

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2010 Main Street, 1ᵗʰ Floor
Irvine, California 92614
(949)851.7450

### DECLARATION OF NANETTE D. SANDERS

I, Nanette D. Sanders, declare:

1.    I am over the age of 18 and competent to testify as a witness.  I have personal knowledge of the contents hereof, and if called to testify as a witness herein, could and would competently testify thereto.

2.    I am an attorney at law duly admitted to practice before all Courts of the State of California and before the District Court for the Central District of California.  I am a member of the law firm of Ringstad & Sanders LLP (the "Firm"), proposed general insolvency counsel for Dynamic Builders, Inc., debtor and debtor-in-possession in the above-entitled Chapter 11 proceeding (hereinafter "Dynamic" and/or the "Debtor").

3.    Following the commencement of its bankruptcy case, Dynamic, Citizens Bank ("Citizens") and City National Bank ("CNB"), by and through such parties' counsel of record, negotiated, drafted and executed the "Stipulation Between Citizens Business Bank and Debtor-in-Possession re (A) Interim Use of Cash Collateral Pursuant to U.S.C. § 363 and (B) Grant of Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 Nunc Pro Tunc to the Petition Date" (the "Citizens Stipulation"), and the "Stipulation Between Debtor and City National Bank Authorizing Use of Cash Collateral" (the "CNB Stipulation"),  to provide for the preservation of the real property collateral of both lenders and the continued operation of same as a going concern.  A true and correct copy of the Citizens Stipulation is attached hereto as Exhibit "1"  The Stipulation has been filed with the Court in Dynamic's bankruptcy case and is Docket #94.  A true and correct copy of the CNB Stipulation is attached hereto as Exhibit "2"  The Stipulation has been filed with the Court in Dynamic's bankruptcy case and is Docket #95.

4.    Neither the Citizens Stipulation nor the CNB Stipulation, or the proposed Order on this Motion approving the Stipulations, contain any of the provisions set forth in Local Bankruptcy Rule 4001-2(b)(1) through (7).

5.    Attached hereto as Exhibit "5" is a true and correct copy of Dynamic's proposed form of Order on the Motion granting Court approval of the Stipulations.

///

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    6.    Pursuant to the requirements of Local Bankruptcy Rule 4001-2(d), Dynamic has

2  filed and served concurrently herewith Court-approved Local Rule Form F 4001-2.

3    I declare under penalty of perjury pursuant to the laws of the United States of America

4  that the foregoing is true and correct.  Executed on June 23, 2010, at Irvine, California.

5

6                                                        Nanette D. Sanders

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450