Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
2030 Main Street, 12th Floor
Irvine, CA 92614
Telephone: 949.851.7450
Facsimile: 949.851.6926

General Insolvency Counsel for
Chapter 11 Debtor and Debtor-in-Possession,
Dynamic Builders, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DYNAMIC BUILDERS, INC., a California corporation;<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 8:10-14151 TA<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER AUTHORIZING SALE OF CERTAIN PERSONAL PROPERTY OF THE ESTATE (2005 ROLLS ROYCE) PURSUANT TO BANKRUPTCY CODE SECTION 363(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF L. RAMON BONIN IN SUPPORT THEREOF**<br><br>Date: July 14, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 5B<br>       411 West Fourth Street<br>       Santa Ana, California |

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................6

I. STATEMENT OF FACTS ................................................................................................6

    A. Background Information ......................................................................................6

    B. The 2005 Rolls Royce to be Sold.........................................................................8

    C. The Proposed Procedures for the Sale of the Rolls Royce....................................8

II. ARGUMENT AND APPLICABLE LEGAL AUTHORITY............................................9

    A. The Court May Authorize the Sale of Assets When There is a Good Faith Purchaser..............................................................................................................9

    B. Sound Business Purpose .....................................................................................10

    C. The Sale Serves the Best Interests of the Estate and Creditors...........................10

    D. Accurate and Resonable Notice ..........................................................................11

    E. The Sale is Made In Good Faith .........................................................................11

III. CONCLUSION................................................................................................................12

DECLARATION OF L. RAMON BONIN ......................................................................................13

# TABLE OF AUTHORITIES

**CASES**

In re Continental Air Lines, Inc.,
 780 F.2d 1223 (5th Cir. 1986)..................................................................................10

In re Crowthers McCall Pattner, Inc.,
 114 B.R. 877, 885 (Bankr. S.D.N.Y. 1990)................................................................9

In re Lionel Corp.,
 722 F.2d 1063 (2d Cir. 1983)................................................................................9, 10

In re Walter,
 83 B.R. 14 (Bankr. 9th Cir. 1988)..............................................................................10

In re Wilde Horse Enterprises, Inc.,
 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991)...........................................................9, 11

**STATUTES**

Bankruptcy Code Section 102(1)........................................................................................11

Bankruptcy Code Section 363(b).....................................................................................9, 10

Bankruptcy Code Section 363(m)........................................................................................12

Federal Rule of Bankruptcy Procedure 2002......................................................................11

Federal Rule of Bankruptcy Procedure 2002(c)(1).............................................................11

Federal Rules of Bankruptcy Procedure 6004....................................................................11

**TO THE HONORABLE THEODOR A. ALBERT, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Dynamic Builders, Inc., a California corporation, the Debtor and Debtor in Possession herein (the "Debtor") brings this Motion for Order Authorizing the Sale of Certain Personal Property of the Estate (2005 Rolls Royce) Pursuant to Bankruptcy Code Section 363(b)(1) (the "Sale Motion").

The Debtor owns a 2005 Rolls Royce vehicle (the "Rolls Royce") that had a depreciated book value of approximately $43,616.21 as of March 31, 2010 (the "Petition Date"). The Debtor has consulted the market and determined that the Rolls Royce has an approximate market value of $125,000 - $150,000, with an approximate marketing time of 6 – 12 months.

Given the cost to the estate to maintain the vehicle for 6 – 12 months (routine maintenance, insurance, cost of advertising, estimated 7% commission if the car is placed on consignment, etc.), the Debtor has approached Desert European Motors ("DEM"), the dealership from whom the Debtor originally purchased the vehicle. DEM is prepared to pay the Debtor $130,000 for the vehicle, in large part due to the long standing relationship between L. Ramon Bonin and the dealership. The proposed sale will be subject to overbidding, on the terms and conditions set forth herein. DEM is prepared to purchase the vehicle immediately upon entry of a final order authorizing the proposed sale.

The Debtor will maintain a listing for the vehicle with AutoTrader.com pending a hearing on this Motion in an effort to locate overbidders.

The Rolls Royce is not necessary for the Debtor's reorganization and the anticipated sale proceeds of $130,000 can be used for ongoing operating expenses and to provide additional funding for the Debtor's reorganization.

The proposed sale procedure will enable the Debtor to liquidate an asset of the estate not necessary for the Debtors' reorganization at a minimal cost to the estate as it will provide for the immediate sale of the vehicle and save the estate the expense of maintaining the vehicle during an estimated 6 – 12 month marketing period.

1    The Sale Motion is based upon this Notice of the Sale Motion, the Sale Motion and Memorandum of Points and Authorities in Support thereof, the Declaration of L. Ramon Bonin, the pleadings and files in the Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be presented to the Court in support of the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that any response and request for hearing on the Sale Motion must be in the form as required by Local Bankruptcy Rule 9013-1(a)(7) and filed with the Clerk of the above-entitled Court no later than fifteen days from the date of service of this Notice and a copy served on Ringstad & Sanders LLP to the attention of Nanette Sanders at the address indicated above and the Office of the United States Trustee, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, #9041, Santa Ana, California 92701-8000.

**PLEASE TAKE FURTHER NOTICE** that failure to file a timely response may be deemed as consent to the relief requested in the Sale Motion. **SEE, LOCAL BANKRUPTCY RULE 9013-1(a)(7) and (11).**

Dated: June 23, 2010

RINGSTAD & SANDERS LLP

By: /s/ Nanette Sanders
Todd C. Ringstad
Nanette D. Sanders
General Insolvency Counsel for the Debtor
and Debtor in Possession
Dynamic Builders, Inc.

- 5 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

In support of the Sale Motion, the Debtor respectfully represents as follows:

**A.  Background Information.**

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2010 (the "Petition Date"). Dynamic, founded in 1964 by L. Ramon Bonin, is a general contractor/merchant builder, principally involved in the construction of build to suit commercial/industrial building in the Los Angeles area. Historically the company has purchased land with the intent to subdivide it into parcels or otherwise obtain necessary entitlements, developed the site, and constructed commercial/industrial buildings on a contract by contract basis.

The operations of Dynamic are overseen by Mr. Bonin, in his capacity as Chairman, and his son Blaise Bonin, general manager. Mr. Bonin's son-in-law, Ken Jackson, serves as the Director of Sales. Mr. Bonin and his wife Patricia (the "Bonins") are the sole shareholders of Dynamic.

On March 31, 2010, the Bonins also commenced a voluntary Chapter 11 bankruptcy case. The Bonins' Chapter 11 bankruptcy case is known as *In re Bonin*, U.S.B.C. Case No. 8:10-14067 TA. The Bonins are in the business of owning and operating real property assets, and own a total of 18 such properties.

Pre-petition Dynamic has funded the acquisition and development of specific sites through (i) acquisition and construction loans from lending institutions, with such loans secured by the project site and improvements; (ii) an unsecured, revolving line of credit with Comerica Bank; and, (iii) in some instances, investment in specific projects by individuals in the form of unsecured notes. In most if not all instances, the Bonins have guaranteed the loans which financed the acquisition and construction of each project. Additionally, each secured lender has been granted an assignment of leases and rents with respect to each property securing a specific loan.

As of the Petition Date, the Debtor owned the following real properties:

| Property Address | Description |
| --- | --- |
| 3020-3250 East Washington Blvd<br>Los Angeles, CA | Washington Food Center<br>(cold storage and food processing facility) |
| 3000 East Washington Blvd<br>Los Angeles, CA | Vacant Land |
| 1151-1155 South Boyle Avenue<br>Los Angeles, CA | One Industrial Building (two single-occupants) |
| 1135 South Boyle Avenue<br>Los Angeles, CA | Boyle Vista – Building 1<br>Office and Warehouse Building (multi-tenant) |
| 1115 South Boyle Avenue<br>Los Angeles, CA | Boyle Vista – Building 2<br>Office and Warehouse Building (multi-tenant) |
| 2035 Camfield<br>Commerce, CA | Golds Gym/Mini Storage |
| 1000 East Olympic Boulevard<br>Los Angeles, CA | Vacant Land |
| 1925 North Marianna Avenue<br>4671 Worth<br>Los Angeles, CA | Vacant Land |
| 1115 South Boyle Avenue<br>Los Angeles, CA | Vacant Land |
| 400 Hudson Lane<br>San Leandro, CA | Vacant Land |
| 16000 Main Street<br>Carson, CA | Industrial Condominium Project (16 units, 4 sold, 6 leased, 6 vacant) |
| 2900 Lugo Street<br>Los Angeles, CA | Vacant Land |
| 3250 East Washington Boulevard,<br>Los Angeles, CA | Vacant Land<br>Site area part of Preferred 6 project (sold pre-petition to iStar who was contractually obligated to deed back the excess land upon recording of a tract map. This property was transferred to the Debtor on or about April 17, 2010 by way of grant deed.) |

Since the commencement of their respective bankruptcy cases, Dynamic and the Bonins have remained in possession of their respective properties, and continue to operate and manage their business affairs as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108. Bankruptcy Code Section 1107 affords a debtors-in-possession the rights and powers of a trustee. Section 1108 provides that a trustee may operate the debtor's business.

B.  **The Rolls Royce to be Sold**.

As reflected in the Schedules on file in this proceeding, the estate owns a 2005 Rolls Royce, which the Debtor scheduled as having a value of $43,616.21. This value represents the fully depreciated book value of the vehicle.

| Description | Vehicle ID No. | Approximate Miles | Approximate Value |
|---|---|---|---|
| 2005 Rolls Royce | SCA1S68475UX07841 | 14,000 | $125,000 to $150,000 |

The Debtor seeks Court approval to sell the Rolls Royce to DEM, subject to the overbidding procedures set forth below.

No creditor has a lien against the Rolls Royce.

The Rolls Royce is not necessary for the Debtor's reorganization and the anticipated sale proceeds of $130,000 will be used for ongoing operating expenses and to provide additional funding for the Debtor's reorganization. The sale of the Rolls Royce will provide more value to the Debtor's reorganization than if the vehicle is retained by the estate.

C.  **The Proposed Procedures for the Sale of the Rolls Royce**.

In order to obtain the highest and best price for the benefit of the creditors of the estate, the Debtor proposes that the sale be subject to overbid on the following terms:

A.  Only a qualified bidder may submit an overbid. A "qualified bidder" is an individual or entity that provides a financial statement and such business and banking references as are required in the Debtor's reasonable discretion to assure the Debtor of the bidder's ability to consummate the purchase of the Rolls Royce, for a single cash payment, upon entry of a final order approving the proposed sale.

B.  Each bid, as well as information and/or documentation establishing a bidders qualification as a "qualified bidder," must be received by the Debtor no later than 4:00 p.m., two (2) business days prior to the hearing on this Sale Motion.

C.  The initial minimum overbid must be at least $5,000 over the amount of the proposed sale price, which results in a minimum initial overbid of $135,000. Subsequent

1  overbids shall be in increments as determined by the Court, but the Debtor suggests minimum
2  increments of $5,000.
3      D.    Each bid must be all cash and non-contingent.
4      E.    Each bidder must make an earnest money deposit of at least $25,000 which must
5  be tendered to the Debtor by no later than 4:00 p.m. on the second business day prior to the
6  hearing on this Motion. The deposit must be in the form of a cashier's check, certified check or
7  irrevocable letter of credit. Each bidder must further agree to pay the balance of the approved
8  purchase price upon entry of a final Order of this Court approving the sale to such bidder.
9  Deposits for bidders whose bids are not accepted are to be promptly returned to the bidders
10 following the hearing on this Sale Motion.
11     The Debtor believes that the foregoing procedures will provide for an orderly completion
12 of the sale of the vehicle by permitting all bidders to compete on similar terms, and will allow all
13 interested parties and the Court to compare competing bids in order to realize the greatest possible
14 benefit to the estate.
15     Thus, based on good business reasons, approval of the Sale Motion serves the best
16 interests of the Estate and its creditors.

## II.

## ARGUMENT AND APPLICABLE LEGAL AUTHORITY

**A.    The Court May Authorize the Sale of Assets When There is a Good Faith Purchaser.**

The Debtor, after notice and hearing, may sell property of the estate. Bankruptcy Code Section 363(b). The standards to establish are that there is a sound business purpose for the sale, that the sale is in the best interests of the estate, i.e., the sale is for a fair and reasonable price, that there is accurate and reasonable notice to creditors and that the sale is made in good faith. In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); In re Lionel Corp., 722 F.2d 1063, 1069 (2d Cir. 1983). Business justification would include the need to close a sale to one of very few serious bidders where an asset has been extensively shopped and a delay could jeopardize the transaction. See, e.g., In re Crowthers McCall Pattner, Inc., 114 B.R. 877, 885 (Bankr. S.D.N.Y. 1990) (extreme difficulty finding a buyer justified merger when buyer found).

The Debtor's proposed sale of the Rolls Royce meets the foregoing criteria.

**B.    Sound Business Purpose.**

The Ninth Circuit in In re Walter, 83 B.R. 14 (Bankr. 9th Cir. 1988) has adopted a flexible, case by case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b). In Walter, the Ninth Circuit, adopting the reasoning of the Fifth Circuit in In re Continental Air Lines, Inc., 780 F.2d 1223 (5th Cir. 1986), and the Second Circuit in In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983), set forth the following standard to be applied under Bankruptcy Code Section 363(b).

> Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in Lionel, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets to the estate as a whole, the amount of lapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasingly or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

Walter, supra, at 19-20 quoting In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986).

Here, the facts surrounding the sale of the Rolls Royce support the Debtor's business decision that the proposed sale is in the best interests of the estate and its creditors. The proposed sale procedures will enable the Debtor to liquidate an asset of the Estate not necessary for the Debtor's reorganization at a minimal cost to the estate. Therefore, the Debtor respectfully submits that, if this Court applies the good business reason standard suggested by the Second Circuit in Lionel, the sale procedures should be approved.

**C.    The Sale Serves The Best Interests Of the Estate and Creditors.**

The Debtor believes that it would be in the best interests of the estate and its creditors to sell the Rolls Royce as set forth above. The proposed sale procedures will enable Debtor to

- 10 -

liquidate an asset of the Estate not necessary for the Debtors' reorganization at a minimal cost to the estate.

### D. Accurate and Reasonable Notice.

It is expected that notice of this Sale Motion will satisfy the requirements for accurate and reasonable notice and will be appropriate under the circumstances of this case

The notice requirements for sales outside the ordinary course are set forth in Federal Rules of Bankruptcy Procedure ("FRBP") 6004 and 2002. The notice must include the time and place of any public sale, the terms and conditions of any private sale, the time fixed for filing on objections and a general description of the property. Fed. R. Bankr. P. 2002(c)(1).

In compliance with FRBP 2002 and Bankruptcy Code Section 102(1), the Debtor is providing notice of the proposed sale to creditors and parties in interests pursuant to the procedures approved by the Court under that certain Order Fixing Manner of General Notice to Creditors and Parties in Interest entered on September 19, 2008. The Debtor submits that the notice requirements will have been satisfied. Hence, no further notice should be necessary.

### E. The Sale is Made in Good Faith.

The proposed sale will be brought in good faith and will be negotiated on an "arms length" basis.

The court, in Wilde Horse Enterprises, set forth the factors in considering whether a transaction is in good faith. The court stated:

> 'Good faith' encompasses fair value, and further speaks to the integrity of the transaction. Typical 'bad faith' or misconduct, would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers. . . . And, with respect to making such determinations, the court and creditors must be provided with sufficient information to allow them to take a position on the proposed sale. (citations omitted)

Id. at 842.

In the present case, the negotiation of the proposed sale of the Rolls Royce to DEM was an arms-length transaction. As set forth in the Notice of the Sale Motion, the creditors will have been provided with sufficient notice of the sale. Accordingly, the sale is in good faith and should

- 11 -

be approved. The Debtor may request such a finding pursuant to Bankruptcy Code Section 363(m).

### III.

### CONCLUSION

**WHEREFORE**, based upon the foregoing, the Debtor respectfully submits that good cause exists for granting the Sale Motion and the Debtor requests that the Court enter an order as follows:

1.  Authorizing the Debtor to sell the Rolls Royce described above to Desert European Motors for the sum of $130,000, with such sale to occur immediately upon entry of a final order of the Court approving the proposed sale;

2.  Or, in the alternative, authorizing the Debtor to sell the Rolls Royce to any qualified overbidder according to the terms and conditions proposed herein;

3.  Authorizing the Debtor to sign any and all documents necessary in order to consummate the sale of the Rolls Royce to Desert European Motors or any successful overbidder;

4.  Finding that the sale of the Property was conducted in good faith within the meaning of 11 U.S.C. § 363(m), and that the Debtor and buyer(s) of the vehicle are entitled to the benefits and protections of this subsection of the Bankruptcy Code; and,

5.  For such other and further relief as the Court deems appropriate.

Dated: June 23, 2010

RINGSTAD & SANDERS LLP

By: _____
Todd C. Ringstad
Nanette D. Sanders
General Insolvency Counsel for the Debtor
and Debtor in Possession
Dynamic Builders, Inc.

# DECLARATION OF L. RAMON BONIN

I, L. Ramon Bonin, declare:

1. I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.

2. I make this Declaration in support of the Debtor's Motion for Order Approving Procedure for Sale if Certain Personal Property of the Estate (2005 Rolls Royce) Pursuant to Bankruptcy Code Section 363(b)(1) (the "Sale Motion").

3. My wife Patty A. Bonin and I are the debtors and debtors-in-possession in the bankruptcy case of In re L. Ramon Bonin and Patty A. Bonin, Case No. 8:10-bk-14067 TA. We filed a petition under Chapter 11 of the Bankruptcy Code on March 31, 2010 ("Petition Date") and have continued in the possession of our property and the management of our affairs.

4. My wife and I have been in the real estate development, construction, and sales business for 46 years. We directly own seventeen properties in Los Angeles, Orange, Riverside and San Bernardino Counties and an additional building subject to a ground lease located in San Bernardino County.

5. My wife and I also own 100% of the common stock of Dynamic Builders, Inc. (the "Debtor" and/or "Dynamic"), which separately owns six completed properties and seven parcels of vacant described below.

| Property Address | Description |
| --- | --- |
| 3020-3250 East Washington Blvd<br>Los Angeles, CA | Washington Food Center<br>(cold storage and food processing facility) |
| 3000 East Washington Blvd<br>Los Angeles, CA | Vacant Land |
| 1151-1155 South Boyle Avenue<br>Los Angeles, CA | One Industrial Building (two single-occupants) |
| 1135 South Boyle Avenue<br>Los Angeles, CA | Boyle Vista – Building 1<br>Office and Warehouse Building<br>(multi-tenant) |
| 1115 South Boyle Avenue<br>Los Angeles, CA | Boyle Vista – Building 2<br>Office and Warehouse Building<br>(multi-tenant) |

- 13 -

| Property Address | Description |
|---|---|
| 2035 Camfield Commerce, CA | Golds Gym/Mini Storage |
| 1000 East Olympic Boulevard Los Angeles, CA | Vacant Land |
| 1925 North Marianna Avenue 4671 Worth Los Angeles, CA | Vacant Land |
| 1115 South Boyle Avenue Los Angeles, CA | Vacant Land |
| 400 Hudson Lane San Leandro, CA | Vacant Land |
| 16000 Main Street Carson, CA | Industrial Condominium Project (16 units, 4 sold, 6 leased, 6 vacant) |
| 2900 Lugo Street Los Angeles, CA | Vacant Land |
| Washington Boulevard Los Angeles, CA | Vacant Land Site area part of Preferred 6 project (sold to iStar who is contractually obligated to deed back the excess land upon recording of a tract map) |

6.   Dynamic also filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2010.

7.   Pre-petition Dynamic has funded the acquisition and development of specific sites through (i) acquisition and construction loans from lending institutions, with such loans secured by the project site and improvements; (ii) an unsecured, revolving line of credit with Comerica Bank; and, (iii) in some instances, investment in specific projects by individuals in the form of unsecured notes. In most if not all instances, my wife and I have guaranteed the loans which financed the acquisition and construction of each project. Additionally, each secured lender has been granted an assignment of leases and rents with respect to each property securing a specific loan.

8.   As reflected in Dynamic's Schedules on file in this proceeding, the estate owns a 2005 Rolls Royce, which the Debtor scheduled as having a value of $43,616.21. This value represents the fully depreciated book value of the vehicle, which can be summarized as follows:

| Description | Vehicle ID No. | Approximate Miles | Approximate Value |
|---|---|---|---|
| 2005 Rolls Royce | SCA1S68475UX07841 | 14,000 | $125,000 to $150,000 |

No creditor has a lien against the Rolls Royce.

9. Based upon market research conducted by the staff of Dynamic, I am informed and believe that the Rolls Royce has an approximate market value of $125,000 - $150,000, with an approximate marketing time of 6 – 12 months. Given the cost to the estate to maintain the vehicle for 6 – 12 months (routine maintenance, insurance, cost of advertising, estimated 7% commission if the car is placed on consignment, etc.), I approached Mr. Gary Whittaker of Desert European Motors ("DEM"), the dealership from whom the Debtor originally purchased the vehicle to further discuss the vehicle's value and salability. DEM is prepared to pay the Debtor $130,000 for the vehicle, in large part due to my long standing relationship with Mr. Whittaker from whom my wife and I have purchased several vehicles over the years. The proposed sale will be subject to overbidding, on the terms and conditions set forth herein. DEM is prepared to purchase the vehicle immediately upon entry of a final order authorizing the proposed sale.

10. The Rolls Royce is not necessary for the Debtor's reorganization and the anticipated sale proceeds of $130,000 will be used for ongoing operating expenses and to provide additional funding for the Debtor's reorganization. The sale of the vehicle will provide more value to the Debtor's reorganization than if it is retained by the estate.

11. For the foregoing reasons, I believe that approval of the Sale Motion serves the best interests of the estate and its creditors.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at LOS ANGELES, California on June 22, 2010.

_L. Ramon Bonin_

- 15 -

| In re: Dynamic Builders, Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:10-14151 TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2030 Main Street, Suite 1200, Irvine, CA 92614

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER AUTHORIZING SALE OF CERTAIN PERSONAL PROPERTY OF THE ESTATE (2005 ROLLS ROYCE) PURSUANT TO BANKRUPTCY CODE SECTION 363(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF L. RAMON BONIN IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _June 23, 2010_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raymond G Alvarado    ralvarado@adorno.com
- James C Bastian    jbastian@shbllp.com
- Theodore A Cohen    tcohen@sheppardmullin.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Mark D Houle    mark.houle@pillsburylaw.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- David J Mccarty    dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com
- Kenneth N Russak    krussak@frandzel.com, banderson@frandzel.com;efiling@frandzel.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- John N Tedford    jtedford@dgdk.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____ the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

___
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: Dynamic Builders, Inc. | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 8:10-14151 TA |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 23, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**: Honorable Theodor C. Albert, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Bin Outside Room 5097, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2010 | Arlene Tavares | *Arlene Tavares* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**