1   Todd C. Ringstad - State Bar #97345
    todd@ringstadlaw.com
2   Nanette D. Sanders – State Bar #120169
    nanette@ringstadlaw.com
3   **RINGSTAD & SANDERS, LLP**
    2030 Main Street, Suite 1200
4   Irvine, CA 92714
    Telephone: (949) 851-7450
5   Facsimile: (949) 851-6926

6   General Insolvency Counsel for
    Dynamic Builders, Inc.

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  In re                             Case No. 8:10-14151 TA

12  DYNAMIC BUILDERS, INC., a          Chapter 11 Proceeding
    California corporation;
13                                     **NOTICE OF MOTION AND MOTION OF
                                       DEBTOR FOR ORDER:  (1) APPROVING
14              Debtor and             SALE OF COMMERCIAL PROPERTY
                Debtor-in-Possession.  FREE AND CLEAR OF LIENS, CLAIMS
15                                     AND ENCUMBRANCES PURSUANT TO
                                       BANKRUPTCY CODE SECTIONS 363(b),
16                                     363(f) AND 363(m); (2) APPROVING
                                       OVERBID PROCEDURES; (3)
17                                     AUTHORIZING DEBTOR TO PAY
                                       SECURED CLAIM IN FULL FROM NET
18                                     SALE PROCEEDS; (4) AUTHORIZING
                                       PAYMENT OF COMMISSION TO REAL
19                                     ESTATE BROKER, LEE &  ASSOCIATES
                                       COMMERCE, INC., AND AGENTS DAVID
20                                     BRANDT AND JEFFREY RINKOV, AND (5)
                                       ASSIGNMENT OF THE EXISTING NON-
21                                     RESIDENTIAL REAL PROPERTY LEASE
                                       BETWEEN THE DEBTOR AND TLC
22                                     PROPERTIES, INC. ; MEMORANDUM OF
                                       POINTS AND AUTHORITIES;
23                                     DECLARATION OF L. RAMON BONIN IN
                                       SUPPORT THEREOF**
24
                                       **[1115 South Boyle Avenue, Los Angeles,
25                                     California]**

26                                     HEARING:
                                       DATE:    November 10, 2010
27                                     TIME:    10:00 a.m.
                                       PLACE:   Courtroom 5B,
28                                                United States Bankruptcy Court

*(left margin, vertical text)* Ringstad & Sanders L.L.P., 2030 Main Street, 12th Floor, Irvine, California 92614 949.851.7450

411 W. Fourth Street
Santa Ana, CA

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES**

**BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND**

**OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that on November 10, 2010, at 10:00 a.m., in Courtroom 5B

of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701,

before the Honorable Theodor C. Albert, United States Bankruptcy Judge, Dynamic Builders,

Inc., a California corporation, the debtor and debtor-in-possession herein ("Debtor"), will, and

hereby does, move the Court for an Order authorizing:

        (i)      the sale of the estate's interest in a commercial real property located at

1115 S. Boyle Avenue, Los Angeles, California (the "Property"), to Harvinder Dua

(hereafter the "Buyer"), subject to overbidding, on the terms and conditions set forth

herein and in the documents attached hereto;

        (ii)     the Debtor to pay the sole secured creditor with a lien on the Property, City

National Bank, from the sale proceeds upon close of the sale;

        (iii)    the Debtor's payment of commission to its broker, Lee & Associates

Commerce, Inc. ("Broker"), and its designated agents David Brandt and Jeffrey M.

Rinkov (collectively the "Agents");

        (iv)    assignment of the existing non-residential real property lease between the

Debtor and TLC Properties, Inc. ("TLC"), pursuant to which TLC occupies the Property

as a tenant, by the Debtor to the Buyer; and,

        (v)     the waiver of the provisions of Rule 6004 of the Federal Rules of

Bankruptcy Procedure.

    This Motion is based upon the attached Memorandum of Points and Authorities, the

Declaration of L. Ramon Bonin, and supporting exhibits attached hereto, all pleadings, papers and

1   records on file with the Court and such other evidence, oral or documentary, as may be presented

2   to and considered by the Court, including prior to or at the hearing of this Motion.

3       **IF YOU DO NOT OPPOSE THIS MOTION, you need take no further action.**

4       **IF YOU WISH TO OPPOSE THE MOTION, pursuant to Local Bankruptcy Rule**

5   **9013-1(f), your objections must be in writing and must be filed with the Bankruptcy Court**

6   **Clerk (with a duplicate copy) at the United States Courthouse, located at 411 West Fourth**

7   **Street, Suite 2030, Santa Ana, California 92701, and must be served upon the Debtor's**

8   **counsel, Nanette D. Sanders, at Ringstad & Sanders LLP, located at 2030 Main Street, Suite**

9   **1200, Irvine, California, 92614, and on the Office of the United States Trustee, located at**

10  **411 West Fourth Street, Suite 9041, Santa Ana, California, 92701, not less than fourteen**

11  **(14) days prior to the scheduled Court hearing.**

12      **PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(f)(1)**

13  **further provides that any opposition is to consist of "A complete written statement of all**

14  **reasons in opposition thereto . . . declarations and copies of all photographs and**

15  **documentary evidence on which the responding party intends to rely, and any responding**

16  **memorandum of points and authorities".**

17      **PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(h)**

18  **provides that your failure to timely file and serve a response as set forth above may be**

19  **deemed by the Court to be your consent to the granting of the Motion.**

20      WHEREFORE, the Debtor requests that the Court enter an Order:

21      (1)    authorizing the sale of the commercial real property located at 1115 S. Boyle

22  Avenue, Los Angeles, California, to the proposed Buyer on the terms set forth herein and in the

23  Sale Agreement (as defined hereinafter), or to any qualified overbidder according to the terms and

24  conditions proposed herein, free and clear of any liens, interests and encumbrances;

25      (2)    authorizing the payment of valid secured creditor claims, brokers' commissions

26  and costs of sale directly from the escrow;

27      (3)    approving the overbid procedures requested herein;

28      (4)    finding that the sale of the Property has been conducted in good faith within the

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    meaning of 11 U.S.C. § 363(m), and that the Debtor and the successful purchaser(s) of the

2    Property are entitled to the benefits and protections of this subsection of the Bankruptcy Code;

3        (5)    authorizing the Debtor to sign any and all documents necessary and to undertake

4    any non-material amendments and modifications necessary to complete the sale of the Property to

5    the highest qualified bidder without further notice, hearing or order of this Court;

6        (6)    authorizing the Debtor to assume the existing non-residential real property lease

7    between the Debtor and TLC Properties, Inc. ("TLC"), pursuant to which TLC occupies the

8    Property as a tenant, and thereafter assign the subject lease to the Buyer;

9        (7)    waiving the 10-day stay provided by Rule 6004(h) of the Federal Rules of

10    Bankruptcy Procedure; and,

11        (8)    for such other and further relief as the Court deems just and proper.

12    Dated: October 20, 2010                 Respectfully Submitted,

13                                            RINGSTAD & SANDERS, LLP

14

15                                            By: _____
                                                  Todd C. Ringstad
16                                                Nanette D. Sanders
                                                  General Insolvency Counsel for
17                                                Dynamic Builders, Inc., Debtor
                                                  and Debtor-in-Possession

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    Jurisdiction and Venue.

On March 31, 2010, L. Ramon Bonin and Patty A. Bonin (the "Bonins"), the shareholders of Dynamic Builders, Inc. (the "Debtor"), and the guarantors of the company's institutional debt, commenced a voluntary Chapter 11 proceeding before this Court.  Immediately thereafter, also on March 31, 2010, Debtor commenced this proceeding by the filing of a voluntary petition (the "Petition Date"), filing as a related case to that commenced by the Bonins.  In the interim, Debtor has continued in possession of its real property and other assets and has continued to operate its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).  Venue over the Debtor's Chapter 11 case is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

### B.    Background and General Description of the Debtor.

The Debtor, founded in 1964 by L. Ramon Bonin, is a general contractor, principally involved in the construction of build to suit commercial/industrial buildings in the Los Angeles area.  The company buys land with the intent to subdivide it into parcels or otherwise obtain necessary entitlements, develops the site, and constructs commercial/industrial buildings on a contract by contract basis.

The operations of the Debtor are overseen by Mr. Bonin, in his capacity as Chairman, and his son Blaise Bonin, general manager.  Mr. Bonin's son-in-law, Ken Jackson, serves as the Director of Sales.  The Bonins are the sole shareholders of the Debtor.

#### 1.    Properties and Secured Lenders.

Set forth below is a summary of the properties owned by the Debtor at the outset of this case and the secured lenders (collectively, the "Secured Lenders") who financed the acquisition and construction of the Debtor's existing properties, and were granted a security interest in the

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

real and personal property for the purpose of securing repayment of the loans:

| Secured Creditor | Description of Property Subject to Creditors Lien | Scheduled Value[1] | Amount of Claim[2] |
|---|---|---|---|
| Bank of America | 3020-3090 E. Washington Los Angeles, CA Commercial Building | $58,010,000 | $47,449,799 |
| Bank of America | 2914 E. Washington, Los Angeles, CA Vacant Land | $1,124,872 | $1,266,335 |
| Citizens Business Bank | 2900 Lugo St. Los Angeles, CA Vacant Land | $1,689,350 | $2,100,000 |
| Citizens Business Bank | 16900 Main St Carson, CA Industrial Condos | $9,655,000 | $6,993,089 |
| Citizens Business Bank | 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |
| City National Bank | 1925 N. Marianne/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |
| City National Bank | 1000 E. Olympic Los Angeles, CA Vacant Land | $3,500,000 | $2,551,740 |
| City National Bank | 2035 Camfield Commerce, CA Commercial Building | $7,000,000 | $13,446,000 |
| City National Bank | 1105-1107 S. Boyle–Parcel 3 Los Angeles, CA Vacant Land | $3,675,448 | $6,051,612 |
| City National Bank | 1115-1129 S. Boyle – Building 2 Los Angeles, CA Warehouse/office building | $9,731,070 | $8,362,218 |

[1] Values as reflected in the Debtor's Schedules. The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[2] Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| | | | |
|---|---|---|---|
| City National Bank | 1133-1149 S. Boyle – Building 1<br>Los Angeles, CA<br>Warehouse/Office Building | $11,733,930 | $9,889,742 |
| City National Bank | 1151 & 1155 S. Boyle<br>Los Angeles, CA<br>Warehouse/office building | $6,718,040 | $4,793,388 |
| **TOTAL** | | **$130,790,612** | **$113,181,128** |

### 2. Comerica Bank.

The Bonins are co-borrowers with the Debtor on an unsecured obligation to Comerica related to an Amended and Restated Business Loan Agreement dated June 4, 2007 (the "Comerica Loan Agreement"). Under the Comerica Loan Agreement, Comerica provided Debtor and the Bonins with certain credit facilities on a combined, co-borrower basis. Prior to the Petition Date, the Debtor and the Bonins defaulted on the obligations to Comerica, and, as a result thereof, in May 2009 Comerica gave the co-obligors notice that it had accelerated the obligations due and later filed a complaint in the Orange County Superior Court entitled Comerica Bank v. Dynamic Builders, Inc., et al., Case No. 30-2009-00123616. In connection with this litigation Comerica filed an application for right to attach order and writ of attachment against the Debtor and the Bonins.

### 3. Events Leading to Bankruptcy Filing.

Multiple factors converged causing the Debtor's cash flow difficulties, and requiring both the company and the Bonins to reorganize their financial affairs under the protection of Chapter 11. Most significantly, unprecedented events in the real estate, credit and financial markets have led to the cancellation of purchase agreements by several customers, leaving the Debtor as a property owner and manager rather than seller of commercial properties.

The Debtor and the Bonins acted swiftly to address the company's operating issues in light of the foregoing circumstances by substantially reducing its workforce and actively marketing not only its existing projects but also those in the planning stages. While the Debtor and the Bonins focused their efforts on finding a solution to this unprecedented situation in the company's 40 year very profitable history, certain creditors began taking actions that, absent the

Ringstad & Sanders
L.L.P.
2030 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

1    commencement of the bankruptcy cases, would have had a disastrous effect on the ability of both

2    the Debtor and the Bonins to maximize the value of their assets and the enterprise as a whole.

3         With the assistance of FTI Consulting, the Debtor and the Bonins spent more than a year

4    pre-petition attempting to negotiate a complete restructure of its obligations to the Secured

5    Lenders and Comerica.  These efforts were ultimately unsuccessful.  However, as set forth below,

6    the Debtor believes it has developed a restructuring plan that will maximize the value of its real

7    estate assets, preserve on going operations and maximize the return to all creditors.

8         **4.    The Debtor's Restructuring Strategy.**

9         In this Chapter 11 case, among other things, the Debtor intends to: (1) utilize existing cash

10   on hand and future rents to continue operating its properties, while such properties are sold in the

11   ordinary course or further developed where appropriate; (2) restructure its existing debt

12   obligations and reformulate its balance sheet; (3) provide for treatment of creditor claims through

13   a Plan of Reorganization; and, (4) emerge from Chapter 11 as a viable, going concern.  By

14   undertaking these efforts, Debtor will preserve the going concern value of its business and

15   maximize the value of its real property assets for the benefit of all creditors.

16   **C.    The Proposed Sale.**

17        **1.    Description of Property.**

18        As set forth above, the Debtor is or was the owner of a commercial property located at

19   1115 – 1129, 1133 – 1149  S. Boyle Avenue, Los Angeles, CA (the "Boyle Avenue Condos").

20   The Boyle Avenue Condos consist of two industrial buildings, comprising approximately 155,771

21   square feet, which are being sold as commercial condominiums.  Since the commencement of the

22   case, the Debtor has obtained court approval for the sale of the property commonly known as

23   1151 S. Boyle and the sale transaction has been consummated.  The Debtor has also obtained

24   Court approval for the sale of condominium units located at 1121, 1123, 1133, 1141 and 1149 S.

25   Boyle.  Orders authorizing these sales were recently entered and the transactions are pending.

26        1115 – 1129 S. Boyle Avenue consists of a two-story building containing a total of eight

27   commercial condominium units.  Unit 1115 (the "Property"), which is the subject of the instant

28   motion, is an end unit on the first floor of this building.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    This Motion seeks authorization to sell the Property – the unit identified as 1115 S. Boyle.

2    As set forth in the Declaration of L. Ramon Bonin attached hereto (the "Bonin Declaration"), the

3    Property is encumbered by a first priority deed of trust in favor of City National Bank ("CNB

4    Deed of Trust"). The current installment of real property taxes on the Property was paid in full on

5    or about April 9, 2010. To the best of Debtor's knowledge, there are no other liens asserted

6    against the Property.

7          **2.    Identity of the Buyers and Proposed Sale Terms.**

8        The Debtor, through its broker Lee & Associates Commerce, Inc. ("Broker"), and its

9    agents David Brandt and Jeffrey M. Rinkov (collectively the "Agents"), have negotiated a sale of

10    the Property to Harvinder Dua and/or his assignee (the "Buyer") for $1,178,850. True and correct

11    copies of the Standard Offer, Agreement and Escrow Instructions for the Purchase of the Real

12    Estate, Addendum to Standard Offer, Agreement and Escrow Instructions for the Purchase of the

13    Real Estate, Property Information Sheet, Seller's Mandatory Disclosure Statement, and

14    Disclosure for Purchase and Sale of Real Estate (hereafter collectively the "Sale Agreement"),

15    which have been executed by the Debtor and Buyer, are attached hereto collectively as Exhibit

16    "1." True and correct copies of the relevant portions of the Condominium Plan and Tentative

17    Tract Map pertaining to the Property are attached hereto collectively as Exhibit "2." An escrow

18    for the sale of the Property was opened with Commerce Escrow Company on October 18, 2010.

19        The terms and conditions of the sale are set forth in the Sale Agreement. In the event of a

20    conflict between the terms of the Sale Agreement and the terms of sale described in this Motion,

21    the Sale Agreement will be deemed to control.

22        Close of escrow is subject to recordation of a legal industrial condominium plan which is

23    expected to occur in October, 2010.

24        Buyer has deposited the sum of $50,000 in escrow pursuant to the Sale Agreement. Upon

25    the Buyer's waiver of their contingencies under the Sale Agreement, this initial $50,000 deposit

26    shall become nonrefundable to the Buyer. The Sale Agreement further provides that in the event

27    the Buyer does not close escrow as required by the Sale Agreement, the Buyer shall forfeit his

28    $50,000 deposit as liquidated damages.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    The Debtor represents that this is an arms-length transaction and that it has no connection

2    with Buyer other than the proposed transaction described herein. To the best of its knowledge,

3    the Buyer is not related to anyone connected with the Debtor, the Debtor's principals, the

4    Debtor's counsel or the Debtor's Broker, nor is the Buyer an insider of the Debtor. Moreover, as

5    is shown by the Sale Agreement, the Buyer is represented by his own broker in the proposed sale

6    transaction, i.e., Simplified Realty and its agent Aaron Unger. The Debtor and the Buyer

7    understand and agree that the Sale Agreement and proposed sale are subject to overbidding, and

8    request that the Court approve the bidding procedures set forth below.

9    **3.    The Debtor Proposes to Sell the Property Free and Clear of Liens, Claims and**

10    **Encumbrances.**

11    CNB holds the first deed of trust encumbering the Property. This deed of trust is cross-

12    collateralized with deeds of trusts encumbering the Debtor's other properties which together

13    constitute the "Dynamic Spectrum" development. By this Motion, the Debtor seeks authorization

14    to pay CNB the net proceeds of the sale of the Property, directly from escrow, so as to reduce the

15    estate's aggregate outstanding debt to CNB, which can be summarized below:

| Description of Property Subject to CNB Lien | Scheduled Value[3] | Amount of Claim[4] |
|---|---|---|
| 1105-1107 S. Boyle – Parcel 3<br>Los Angeles, CA<br>Vacant Land | $3,675,448 | $6,051,612 |
| 1115-1129 S. Boyle – Building 2<br>Los Angeles, CA<br>Warehouse/office building | $9,731,070 | $8,362,218 |
| 1133-1149 S. Boyle – Building 1<br>Los Angeles, CA<br>Warehouse/Office Building | $11,733,930 | $9,889,742 |
|  | $25,140,448 | $24,303,572 |

23    The Debtor further seeks an order of Court authorizing the distribution of the proceeds of

24    the sale of the Property through the escrow and contingent on, and payable at, the closing of

25    escrow, as follows:

27    _____

28    [3]  Values as reflected in the Debtor's Schedules.
     [4]  Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

1.     Real Estate Commissions - consistent with the terms of the Debtor's engagement

of the Broker and the Agents[5], payment of real estate commissions to the Debtor's Broker and

the broker for the Buyer in the total combined amount of 5.5% of the gross sales price; and,

2.     Closing Costs - normal "closing costs," which may include things such as the

Debtor's payment of the estate's share (pursuant to the terms of the Sale Agreement and local

custom) of escrow charges, recording fees, documentary transfer taxes, utilities, association dues

and charges, and other normal and customary charges, pro-rations, costs and fees.

**D.     Payment of Real Estate Broker, Lee & Associates.**

Pre-petition the Debtor engaged Lee & Associates Commerce, Inc. (the "Broker"), and its

agents David Brandt and Jeffrey M. Rinkov (the "Agents"), to market and sell the Dynamic

Spectrum properties, including the Property.  Post-petition listing agreements have been

negotiated and approval of the employment of Lee & Associates consistent with such agreements

was granted by way of Court order entered October 4, 2010.

By this Motion, the Debtor seeks authorization to compensate the Broker for its services

in connection with the sale of the Property, consistent with the terms of the listing agreements and

the Court's approval of the Debtor's employment of the Broker and the Agents.

## II.

## PROPOSED OVERBID PROCEDURES

In order to obtain the highest and best price for the benefit of the creditors of the estate,

the Debtor proposes that the sale be subject to overbid on the following terms:

A.     Only a qualified bidder may submit an overbid.  A "qualified bidder" is an

individual or entity that provides a financial statement and such business and banking references

as are required in the Debtor's reasonable discretion to assure the Debtor of the bidder's ability to

consummate the purchase of the Property, and one who can consummate the purchase of the

---

[5]  Pursuant to a motion filed with the Court on July 7, 2010 (Docket # 121) (the "Broker Employment Motion"), Debtor sought authority to employ the Broker and Agents to market and sell all properties constituting the Dynamic Spectrum.  A hearing was held on the Debtor's Broker Employment Motion on July 28, 2010, at which the Court ruled that it would approve the Debtor's employment of the Broker and Agent.  The Order authorizing the Broker's employment was entered on October 4, 2010.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1   property on the same terms and conditions, other than price, as those proposed in the Sale

2   Agreement.

3         B.       Each bid, as well as information and/or documentation establishing a bidders

4   qualification as a "qualified bidder," must be received by the Debtor no later than 4:00 p.m., two

5   (2) business days prior to the hearing on this Motion.

6         C.       The initial minimum overbid must be at least $50,000 over the amount of the

7   proposed sale price, which results in a minimum initial overbid of $1,228,850.   Subsequent

8   overbids shall be in increments as determined by the Court, but the Debtor suggests minimum

9   increments of $25,000.

10        D.       Each bid must be all cash, non-contingent, and on the same terms and conditions,

11  other than price, as those proposed in the current Sale Agreement between the Debtor and Buyer.

12        E.       Each bidder must make an earnest money deposit of at least $100,000 which must

13  be tendered to the Debtor by no later than 4:00 p.m. on the second business day prior to the

14  hearing on this Motion.  The deposit must be in the form of a cashier's check, certified check or

15  irrevocable letter of credit.  Each bidder must further agree to make a second deposit of an

16  additional $100,000 within 14 days following entry of an Order of this Court approving the sale

17  to such bidder.  Deposits for bidders whose bids are not accepted are to be promptly returned to

18  the bidders following the hearing on this Motion.

19        The Debtor believes that the foregoing procedures will provide for an orderly completion

20  of the sale of the Property by permitting all bidders to compete on similar terms, and will allow

21  all interested parties and the Court to compare competing bids in order to realize the greatest

22  possible benefit to the estate.

23                                    **III.**

24        **THE COURT MAY AUTHORIZE THE SALE OF THE PROPERTY**

25                    **FREE AND CLEAR OF LIENS**

26        As set forth above, the Property is subject to the CNB Deed of Trust.   By this Motion, the

27  Debtor requests that the Court authorize the Debtor to sell the Property free and clear of the CNB

28  Deed of Trust, pursuant to Bankruptcy Code section 363(f).  Section 363(f) of the Bankruptcy

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1   Code allows a Debtor to sell property of the bankruptcy estate "free and clear of any interest in

2   such property of an entity," if any one of the following five conditions is met:

3         (1)    applicable non-bankruptcy law permits a sale of such property free and

4              clear of such interest;

5         (2)    such entity consents;

6         (3)    such interest is a lien and the price at which such property is to be

7              sold is greater than the aggregate value of all liens on such

8              property;

9         (4)    such interest is in bona fide dispute; or,

10        (5)    such entity could be compelled, in a legal or equitable proceeding,

11             to accept money satisfaction of such interest.

12      Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five

13  conditions is sufficient to sell property free and clear of liens. *See, e.g., Citicorp Homeowners*

14  *Services, Inc. v. Elliott (In re Elliott)*, 94 B.R. 343, 345 (Bankr. W.D. Tex. 1989).

15      Applied here, the Debtor believes it has satisfied several of the five conditions outlined by

16  section 363(f). First, as set forth in detail above, the Debtor is informed and believes that CNB

17  will consent to the sale of the property free and clear of its Deed of Trust. Thus, the Debtor

18  believes that it has satisfied the conditions of section 363(f)(2). Furthermore, the entire net

19  proceeds of the proposed sale will be paid to CNB to pay down its cross-collateralized liens.

20  Based upon the Debtor's review of the public records, the Debtor is not aware of any other liens,

21  claims or encumbrances asserted against the Property. As a result, if any party were to assert an

22  interest in the Property, the Debtor would almost certainly dispute the validity of such interest,

23  thereby making it subject to a bond fide dispute, satisfying the conditions of section 363(f)(4).

24  *See also, In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill 1991) ("The bank's assertion

25  of its second mortgage security interest may ultimately prove to be voidable as a preference or a

26  fraudulent conveyance. In this regard, the Debtor has presented a bona fide dispute under 11

27  U.S.C.. § 363(f)(4)."). In sum, the Debtor has demonstrated that approving the sale of the

28  Property free and clear of any liens, claims or encumbrances is appropriate.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1

## IV.

## BUYER IS A PURCHASER IN "GOOD FAITH"

## IN ACCORDANCE WITH BANKRUPTCY CODE SECTION 363(M)

"When a bankruptcy court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the "good faith" of the purchaser.' *In re Abbotts Dairies, Inc.*, 788 F.2d 143, 149-150 (3rd. Cir. 1986). The purpose of such a finding is to facilitate the operation of the Bankruptcy Code section 363(m), which provides a safe harbor for purchases of a debtor's property that have acted in "good faith."

In this case, it is clear that the Buyer is entitled to the safe harbor provided by section 363(m). As set forth in the Bonin declaration, the Debtor has demonstrated that the negotiations between the Buyer and the Debtor were at all times conducted at arms-length and in good faith. The Buyer is represented by his own agent. The Buyer is unrelated to the Debtor and its principals and is not an insider of the Debtor. Throughout the negotiations with the Buyer, the Debtor has acted with the sole purpose of obtaining the best price for the Property. The Property has been exposed to the marketplace for a considerable period of time and the offer from the Buyer is the best offer that has been received for the Property. Based upon these facts, the Court should find that Buyer is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

## V.

## THE COURT SHOULD AUTHORIZE THE DEBTOR

## TO COMPENSATE LEE & ASSOCIATES AND THE AGENTS

As set forth above, the Court has previously authorized the Debtor's employment of the Broker and the Agents to market and sell the Property. By this Motion, the Debtor requests that it be authorized to pay the commissions earned by the Broker/Agents, consistent with the listing agreements previously approved by the Court.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

- 14 -

# VI.

## THE DEBTOR SHOULD BE AUTHORIZED TO ASSUME AND ASSIGN
## THE NON-RESIDENTIAL REAL PROPERTY LEASE BETWEEN THE DEBTOR AND
## TENANT TLC PROPERTIES, INC.

As noted hereinabove, the Debtor leases the Property to a third party tenant, TLC Properties, Inc. ("TLC"), pursuant to the terms of a written lease agreement (the "Lease"). A true and correct copy of the Lease is attached as Exhibit "3" to the Declaration of L. Ramon Bonin and incorporated by this reference. Pursuant to the Sale Agreement, the Lease is to be assigned to the Buyer as part of the proposed sale transaction.

Bankruptcy Code section 365(a) provides that subject to the Court's approval, a debtor "may assume or reject any executory contract or unexpired lease of the debtor." While the language of the Bankruptcy Code is silent on the applicable standard, the vast majority of courts have stated that the decision of a debtor-in-possession to assume or reject an unexpired lease "is one of business judgment". *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Company*, 318 U.S. 523, 550, 63 S.Ct. 727, 742-743 (1943); *In re Huang*, 23 B.R. 798, 900 (BAP 9th Cir. 1982) (holding the primary issue in applying the business judgment rule is whether rejection of an executory contract would benefit the general unsecured creditors); *In re FCX, Inc.*, 60 B.R. 405, 441 (Bankr. E.D.N.C. 1986) (to assume, debtor must have good business judgment reason, and continued operation of business and preservation of debtor's assets are prime elements of business judgment rule).; *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996) (bankruptcy court reviewing trustee's decision to assume or reject an executory contract should apply its best "business judgment" to determine if it would be beneficial or burdensome to the estate to assume). The business judgment standard requires that the Court follow the business judgment of the debtor unless that judgment is the product of bad faith, whim or caprice. *In re Prime Motors, Inc.*, 124 B.R. 378, 381 (Bankr. S.D. Fla 1991). The Fourth Circuit explained in *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc,.* 756 F.2d 1043 (4th Cir. 1985):

> "Transposed to the bankruptcy context, the rule as applied to a bankrupt's
> decision to reject an executory contract because of perceived business

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

1  advantage requires that the decision be accepted by courts unless it is

2  shown that the bankrupt's decision was one taken in bad faith or gross

3  abuse of the bankrupt's retained business discretion."

4  *Id.* at 1047.

5      With regard to the proposed assignment of the Lease, Section 365(c)(1) provides that a

6  debtor may not assume or assign an executory contract or unexpired lease under certain specified

7  circumstances not applicable here. The Lease does not contain language in any way prohibiting

8  the Debtor's assignment of its rights under the Lease as landlord.

9      Applied here, Dynamic has exercised sound business judgment on behalf of the estate in

10  pursuing the sale of its various real property assets. Where a property is subject to existing tenant

11  leases, the transfer or assignment of such leases to purchasers of the Debtor's assets is a necessary

12  and appropriate component of a sale transaction. A purchaser would be unwilling to pay the

13  estate the fair value of an asset if it did not receive the corresponding lease or rental payment

14  stream associated with the property. The Debtor is unaware of any defaults under the Lease, by

15  either the Debtor or TLC, and is informed and believes that TLC has no objection to the

16  assumption of the Lease by the Debtor and assignment of same to the Buyer as part of the

17  proposed sale transaction.

18      Based on the foregoing, Dynamic submits that the Court should approve the Debtor's

19  proposed assumption of the Lease and the subsequent assignment to Buyer.

20  **VII.**

21  **CONCLUSION**

22      Based on the foregoing, the Debtor respectfully requests that the Court enter an Order:

23      (1)    authorizing the sale of the Property, to Buyer on the terms set forth in the Sale

24  Agreement, or to any qualified overbidder according to the terms and conditions set proposed

25  herein, free and clear of any liens, interests and encumbrances, and specifically, the CNB Deed of

26  Trust;

27      (2)    authorizing the Debtor to pay directly from escrow the valid claims of CNB,

28  brokers' commissions and costs of sale;

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

- 16 -

1       (3)    approving the overbid procedures requested herein;

2       (4)    finding that the sale of the Property was conducted in good faith within the

3  meaning of 11 U.S.C. § 363(m), and that the Debtor and buyer of the Property are entitled to the

4  benefits and protections of this subsection of the Bankruptcy Code;

5       (5)    authorizing the Debtor to sign any and all documents necessary and to undertake

6  any non-material amendments and modifications necessary to complete the sale of the Property to

7  the highest qualified bidder without further notice, hearing or order of this Court;

8       (6)    authorizing the Debtor to assume the non-residential real property lease between

9  the Debtor and TLC for occupancy of the Property and thereafter assign the lease to the Buyer;

10      (7)    waiving the 10-day period prescribed by Rule 6005(h) of the Federal Rules of

11  Bankruptcy Procedure; and,

12      (8)    for such other and further relief as the Court deems just and proper.

13  Dated: October 20, 2010           Respectfully Submitted,

14                           RINGSTAD & SANDERS, LLP

15

16                         By:   _____

17                           Todd C. Ringstad
                               Nanette D. Sanders

18                           General Insolvency Counsel for
                             Dynamic Builders, Inc., Debtor
                           and Debtor-in-Possession

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

1

## DECLARATION OF L. RAMON BONIN

2        I, L. Ramon Bonin, declare as follows:

3        1.      I have personal knowledge of the facts set forth herein and could, if called as a

4    witness, competently testify thereto.

5        2.      My wife Patty A. Bonin and I are the debtors and debtors-in-possession in the

6    bankruptcy case of In re L. Ramon Bonin and Patty A. Bonin, Case No. 8:10-bk-14067 TA.  We

7    filed a petition under Chapter 11 of the Bankruptcy Code on March 31, 2010 ("Petition Date")

8    and have continued in the possession of our property and the management of our affairs.

9        3.      My wife and I have been in the real estate development, construction, and sales

10   business for many years.  We directly own seventeen properties in Los Angeles, Orange,

11   Riverside and San Bernardino Counties and an additional building subject to a ground lease

12   located in San Bernardino County.

13       4.      My wife and I also own 100% of the common stock of Dynamic Builders, Inc.

14   ("Debtor" and/or "Dynamic"), a general contractor, principally involved in the construction of

15   build to suit commercial/industrial building in the Los Angeles area.  The company buys land

16   with the intent to subdivide it into parcels or otherwise obtain necessary entitlements, develop the

17   site, and construct commercial/industrial buildings on a contract by contract basis.  Occasionally,

18   Dynamic builds for speculative purposes.

19       5.      The operations of Dynamic are overseen by me, in my capacity as Chairman, and

20   my son Blaise Bonin, President and CEO.   Ken Jackson, who is my son-in-law, serves as the

21   Director of Sales.

22       6.      As of the Petition Date, Dynamic owned the following real properties:

| Secured Creditor | Description of Property Subject to Creditors Lien | Scheduled Value[6] | Amount of Claim[7] |
|---|---|---|---|
| Bank of America | 3020-3090 E. Washington Los Angeles, CA Commercial Building | $58,010,000 | $47,449,799 |

[6]  Values as reflected in the Debtor's Schedules.  The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[7]  Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| | | | |
|---|---|---|---|
| Bank of America | 2914 E. Washington, Los Angeles, CA<br>Vacant Land | $1,124,872 | $1,266,335 |
| Citizens Business Bank | 2900 Lugo St.<br>Los Angeles, CA<br>Vacant Land | $1,689,350 | $2,100,000 |
| Citizens Business Bank | 16900 Main St<br>Carson, CA<br>Industrial Condos | $9,655,000 | $6,993,089 |
| Citizens Business Bank | 400 Hudson Lane<br>San Leandro, CA<br>Vacant Land | $12,800,000 | $6,977,225 |
| City National Bank | 1925 N. Marianne/4671 Worth, Los Angeles, CA<br>Vacant Land | $5,152,902 | $3,299,980 |
| City National Bank | 1000 E. Olympic<br>Los Angeles, CA<br>Vacant Land | $3,500,000 | $2,551,740 |
| City National Bank | 2035 Camfield<br>Commerce, CA<br>Commercial Building | $7,000,000 | $13,446,000 |
| City National Bank | 1105-1107 S. Boyle–Parcel 3<br>Los Angeles, CA<br>Vacant Land | $3,675,448 | $6,051,612 |
| City National Bank | 1115-1129 S. Boyle – Building 2<br>Los Angeles, CA<br>Warehouse/office building | $9,731,070 | $8,362,218 |
| City National Bank | 1133-1149 S. Boyle – Building 1<br>Los Angeles, CA<br>Warehouse/Office Building | $11,733,930 | $9,889,742 |
| City National Bank | 1151 & 1155 S. Boyle<br>Los Angeles, CA<br>Warehouse/office building | $6,718,040 | $4,793,388 |
| **TOTAL** | | **$130,790,612** | **$113,181,128** |

7.    Dynamic filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2010.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

8.    Since the commencement of our respective bankruptcy cases, the Debtor, as well as my wife and I, have remained in possession of our respective property, and continue to operate and manage our business affairs as a debtors-in-possession.

9.    My wife and I are also co-borrowers with Debtor on the obligations to Comerica related to an Amended and Restated Business Loan Agreement dated June 4, 2007 (the "Comerica Loan Agreement"). Under the Comerica Loan Agreement, Comerica provided the Debtor, as well as my wife and I, with certain credit facilities on a combined, co-borrower basis. Prior to the Petition Date, the Debtor, my wife and I defaulted on our obligations to Comerica, and, as a result thereof, in May 2009, Comerica gave the us each notice that it had accelerated the obligations due and it later filed a complaint in the Orange County Superior Court against each of us entitled Comerica Bank v. Dynamic Builders, Inc., et al., Case No. 30-2009-00123616. In connection with this litigation Comerica filed an application for right to attach order and writ of attachment against the Debtor, my wife and I.

10.    Prior to the Petition Date, the Debtor, and my wife and I, had been in discussions with the various secured lenders to conduct an orderly liquidation of certain non-productive real property holdings of Dynamic in order to make payments to the lenders and to gain time for us to continue with leasing and sales of completed projects. However, final agreements could not be reached and, in an effort maximize the value of our assets for all creditors, the Debtor, my wife and I commenced our respective Chapter 11 cases.

11.    Debtor is or was the owner of a commercial property located at 1115 – 1129, 1133 – 1149 S. Boyle Avenue, Los Angeles, CA (the "Dynamic Spectrum"). The project consists of three industrial buildings, and a vacant adjoining parcel, which are being sold as commercial condominiums. Since the commencement of the case, the Debtor has obtained court approval for the sale of the property commonly known as 1151 S. Boyle, which sale transaction has been closed. The Debtor has also received Court approval for the sale of the condo units located at 1121, 1123, 1133, 1141 and 1149 S. Boyle. These sale transactions are pending.

12.    1115 – 1129 S. Boyle Avenue consists of a two-story building containing a total of eight commercial condominium units. Unit 1115 (the "Property"), which is the subject of the

1 attached motion, is an end unit on the first floor of this building. The Property is encumbered by

2 a first priority deed of trust in favor of City National Bank ("CNB Deed of Trust"). The current

3 installment of real property taxes on the Property was paid in full on or about April 9, 2010. To

4 the best of my knowledge knowledge, there are no other liens asserted against the Property.

5      13.    City National Bank ("CNB") holds the first deed of trust encumbering the

6 Property. This deed of trust is cross collateralized with deeds of trusts encumbering the other

7 three properties which together constitute the "Dynamic Spectrum" development. By this

8 Motion, the Debtor seeks authorization to pay CNB the net proceeds of the sale of the Property,

9 directly from escrow, so as to reduce the estate's aggregate outstanding debt to CNB, which can

10 be summarized below:

| Description of Property Subject to CNB Lien | Scheduled Value[8] | Amount of Claim[9] |
|---|---|---|
| 1105-1107 S. Boyle – Parcel 3 Los Angeles, CA Vacant Land | $3,675,448 | $6,051,612 |
| 1115-1129 S. Boyle – Building 2 Los Angeles, CA Warehouse/office building | $9,731,070 | $8,362,218 |
| 1133-1149 S. Boyle – Building 1 Los Angeles, CA Warehouse/Office Building | $11,733,930 | $9,889,742 |
| | $25,140,448 | $24,303,572 |

19      14.    Pre-petition the Debtor engaged Lee & Associates Commerce, Inc. (the

20 "Broker"), and its agents David Brandt and Jeffrey M. Rinkov (the "Agents"), to market and sell

21 the Dynamic Spectrum properties, including the Property. Post-petition listing agreements have

22 been negotiated and approval of the employment of Lee & Associates consistent with such

23 agreements was requested in the Debtor's "Motion for Order (1) Approving First Amendment to

24 Lease and Option to Purchase with TAMSC, Inc.; (2) Authorizing the Debtor to Assume the

25 Lease and Option, as Modified; and (3)(A) Approving Sale of Commercial Property Free and

26 Clear of Liens, Claims and Encumbrances Pursuant to Bankruptcy Code Sections 363(B),

27

28
---
[8] Values as reflected in the Debtor's Schedules.
[9] Estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1   363(F), and 363(M); (B) Authorizing Debtor to Pay Secured Claim from Net Sale Proceeds; and

2   (C) Authorizing the Employment of Broker, Lee & Associates – Commerce, Inc., and Agents

3   David Brandt and Jeffrey Rinkov" (the "Broker Employment Motion"), which was filed with the

4   Court on July 7, 2010 (Docket # 121). A hearing was held on the Debtor's Broker Employment

5   Motion on July 28, 2010, at which the Court ruled that it would approve the Debtor's

6   employment of the Broker and Agent. The Order approving the Broker's employment was

7   entered on October 4, 2010.

8       15.   By way of the attached Motion, the Debtor seeks authorization to compensate the

9   Broker and Agents for their services in connection with the sale of the Property, consistent with

10  the terms of the listing agreements and the Court's approval of the Debtor's employment of the

11  Broker and the Agents.

12      16.   The Debtor, through its Broker and Agents, has negotiated a sale of the Property to

13  Harvinder Dua and/or his assignee (the "Buyer") for $1,178,850. True and correct copies of the

14  Standard Offer, Agreement and Escrow Instructions for the Purchase of the Real Estate,

15  Addendum to Standard Offer, Agreement and Escrow Instructions for the Purchase of the Real

16  Estate, Property Information Sheet, Seller's Mandatory Disclosure Statement and Disclosure for

17  Purchase and Sale of Real Estate (hereafter collectively the "Sale Agreement"), which have been

18  executed by the Debtor and Buyer, are attached hereto collectively as Exhibit "1." True and

19  correct copies of the relevant portions of the Condominium Plan and Tentative Tract Map

20  pertaining to the Property are attached hereto collectively as Exhibit "2." An escrow for the sale

21  of the Property was opened with Commerce Escrow Company on October 18, 2010.

22      17.   Close of escrow is subject to recordation of a legal industrial condominium plan

23  which is expected to occur in October, 2010.

24      18.   The Buyer has deposited $50,000 in escrow pursuant to the Sale Agreement.

25  Upon the Buyer's waiver of his contingencies under the Sale Agreement, this initial $50,000

26  deposit shall become nonrefundable to the Buyer. The Sale Agreement further provides that in

27  the event the Buyer does not close escrow as required by the Sale Agreement, Buyer shall forfeit

28  the $50,000 deposit as liquidated damages.

Ringstad & Sanders
L.L.P.
2010 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

19.    I believe that the Buyer's offer to purchase the Property for $1,178,850 is fair and reasonable. The Buyer's offer to purchase the Property for $1,178,850 is the highest and best offer that we have received.

20.    To the best of my knowledge, the proposed transaction with Buyer is an arms-length transaction and the Debtor has no connection with Buyer other than the proposed transaction described herein. To the best of my knowledge, the Buyer is not related to anyone connected with the Debtor, the Debtor's principals, the Debtor's counsel or the Debtor's Broker or Agents, nor is the Buyer an insider of the Debtor. Moreover, as is shown by the Sale Agreement, the Buyer is represented by his own broker in the proposed sale transaction, i.e., Simplified Realty, and its agent Aaron Unger.

21.    The Property is occupied by a third party tenant, TLC Properties, Inc. ("TLC"), pursuant to the terms of a long term lease (the "Lease"). A true and correct copy of the Lease is attached hereto as Exhibit "3". Pursuant to the terms of the Sale Agreement, the Lease is to be assumed by the Debtor and thereafter assigned to the Buyer as part of the purchase transaction. I am unaware of any current defaults under the Lease, either by the Debtor or TLC, and am further informed and believe that TLC does not object to the assumption of the Lease by the Debtor or the subsequent assignment of same to the Buyer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2010, at Los Angeles, California.

L. Ramon Bonin