1  Todd C. Ringstad - State Bar #97345
   todd@ringstadlaw.com
2  Nanette D. Sanders – State Bar #120169
   nanette@ringstadlaw.com
3  **RINGSTAD & SANDERS, LLP**
   2030 Main Street, Suite 1200
4  Irvine, CA 92714
   Telephone: (949) 851-7450
5  Facsimile: (949) 851-6926

6  General Insolvency Counsel for
   Dynamic Builders, Inc.

7

8                **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11 In re                              Case No. 8:10-14151 TA

12 DYNAMIC BUILDERS, INC., a          Chapter 11 Proceeding
   California corporation;
13                                     **NOTICE OF MOTION AND MOTION BY
                                       DEBTOR FOR ORDER:**
14            Debtor and              **(1) APPROVING COMPROMISE  WITH
              Debtor-in-Possession.   SECURED CREDITORS BANK OF
15                                     AMERICA AND CITIZENS BUSINESS
                                       BANK;**
16                                     **(2) GRANTING RELIEF FROM STAY AS TO
                                       SPECIFIED COLLATERAL;**
17                                     **(3) AUTHORIZING BORROWING
                                       PURSUANT TO §§ 364 (a) AND (b); AND,**
18                                     **(4) WAIVING THE PROVISIONS OF RULE
                                       6004 OF THE FEDERAL RULES OF
19                                     BANKRUPTCY PROCEDURE;
                                       MEMORANDUM OF POINTS AND
20                                     AUTHORITIES; DECLARATION OF L.
                                       RAMON BONIN IN SUPPORT THEREOF**
21
                                       HEARING:
22                                     DATE:    December 22, 2010
                                       TIME:    11:00 a.m.
23                                     CTRM:    5B – 5th Floor
                                                United States Bankruptcy Court
24                                              411 W. Fourth Street
                                                Santa Ana, CA 92701
25

26     **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES**

27 **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND**

28 **OTHER INTERESTED PARTIES:**

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**PLEASE TAKE NOTICE** that Dynamic Builders, Inc., the debtor and debtor-in-possession ("Dynamic" and/or the "Debtor") in the above-entitled Chapter 11 proceeding hereby moves the Court for an Order:

(1)    Approving the compromise of controversies between the Debtor, on the one hand, and various creditors, including secured creditor Bank of America ("BofA"), on the other hand, as embodied in the "Plan Term Sheet" (hereafter the "Plan Term Sheet" or "Settlement"), an executed version of which will be lodged with the Court prior to the hearing hereon;

(2)    Authorizing the Debtor to execute all documents necessary to effectuate the parties' compromise and its terms as to (i) the cash collateral and real property collateral of BofA commonly referred to as the Washington Food Center, including a consensual sale pursuant to 11. U.S.C. Section 363, a dead in lieu of foreclosure, a stipulation for the appointment of a receiver or such other mechanism as elected by BofA, in exchange for a release by BofA as to any deficiency claim that may exist following liquidation of its collateral; and (ii) the real property collateral of Citizens Business Bank ("CBB") commonly referred to as the Lugo property.

(3)    Granting BofA relief from the automatic stay as to the funds described hereinafter as the "Bonin Cash Collateral" and as to the Washington Food Center real property and cash collateral;

(4)    Authorizing Dynamic to borrow a sum not to exceed $200,000 from the estate of related debtors L. Ramon Bonin and Patty Bonin (the "Bonins") to pay necessary operating expenses, including professional fees, and real property taxes; and,

(5)    For such other and further relief as the Court deems just and proper.

The Settlement can generally be summarized as follows:

(A)    Consistent with the provisions of the Plan Term Sheet, Dynamic, the Bonins, BofA, CBB, secured and unsecured creditor City National Bank ("CNB"), and unsecured creditor Comerica Bank ("Comerica") (in some instances hereinafter, BofA, CNB, and CBB and Comerica are collectively referred to as the "Lenders"), have negotiated the terms of consensual plans of reorganization to be filed by Dynamic and the Bonins in their respective Chapter 11 proceedings. Comerica is the holder of approximately 98% of the general unsecured claims

Ringstad & Sanders
L.L.P.
2020 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

asserted against the Dynamic estate.  Collectively the Lenders hold in excess of 99% of the

secured and unsecured claims asserted against the Dynamic estate.

(B)    Dynamic and the Bonins intend to have plans and disclosure statements on file

prior to December 31, 2010 and will thereafter proceed with the plan confirmation process.

However an essential element of the Settlement is a proposed $7,000,000 distribution to general

unsecured creditors of the Bonin estate prior to December 30, 2010.  This distribution will be

funded by the Bonin estate from the approximately $16,600,000 cash on hand in that estate.  In

addition, BofA is to be granted relief from stay to apply to its outstanding secured claim the

approximate sum of $4,300,000 in cash deposits tendered pre-petition to BofA from the Bonin

estate as additional collateral for BofA's outstanding loan to Dynamic, as well as relief from stay

as to BofA's cash and real property collateral in the Dynamic estate, as described hereinafter.

Citizens is also to be granted relief from stay to foreclose and/or take possession of the Lugo

property prior to year end, in exchange for Citizens agreeing to limit any deficiency claim against

the Dynamic and Bonin estates that may be realized upon disposition of the Lugo property to a

sum not to exceed $600,000.  A separate motion seeking Court approval of these proposed

distributions, as well as the general terms of the Plan Term Sheet, is being filed concurrently in

the Bonin Chapter 11 case and also set for hearing on December 22, 2010 at 11 a.m.  Dynamic

will endeavor to file separate stipulations for relief from stay with BofA and CBB prior to or

immediately following the December 22, 2010 hearing[1].

(C)    It is the intention of the parties that the proposed distribution to unsecured

creditors and described relief to BofA and CBB will only be effectuated by the Bonins and

Dynamic if all Lenders have approved and agreed to be bound by the final version of the Plan

Term Sheet and returned same to the debtors executed by an appropriate representative.  Absent

receipt of the necessary approvals/signatures, neither Dynamic nor the Bonins will consummate

the proposed distribution/relief proposed herein notwithstanding Court approval of same.

---

[1]  As part of these anticipated agreements, which remain subject to BofA and CBB loan
committee approval and documentation in the Plan Term Sheet to be signed by all parties, BofA
and CBB will be provided releases and other consideration (including ex parte stipulations for the
appointment of receivers and acknowledgement of debt), as more particularly outlined in the to be
filed Plan Term Sheet and/or separate stipulations for relief from stay.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1      This Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

2    ("F.R.B.P.") and Local Bankruptcy Rule 9013-1, and is made on the ground that the proposed

3    Settlement is the best interests of the Debtor's bankruptcy estate and its creditors, and is a fair,

4    equitable and reasonable compromise of the disputed matters.  The proposed relief from stay for

5    BofA as to the Washington Food Center real property and CBB as to the Lugo property is

6    appropriate consistent with the dictates of 11 U.S.C. Section 362(d).  The proposed

7    lending/borrowing from the Bonin estate to the Dynamic estate is consistent with the spirit of the

8    proposed compromise and is necessary to ensure that Dynamic has adequate operating funds on

9    hand through the anticipated time of plan confirmation.

10      This Motion is based upon the attached Memorandum of Points and Authorities and

11    Declaration of  L. Ramon Bonin (the "Bonin Declaration"), and the documents attached thereto,

12    the separate Notice of this Motion which will be mailed concurrently to all creditors and other

13    interested parties (without the Memorandum of Points and Authorities and supporting

14    Declaration), and on such other and further evidence as is presented to and considered by the

15    Court, including prior to or at the hearing of this Motion if a hearing is requested and conducted.

16    **This Motion was sent to you via an email transmission on December 13, 2010 or via**

17    **Overnight Express/Federal Express delivery (delivered on September 14, 2010) per Order**

18    **of the Court.**

19    **IF YOU DO NOT OPPOSE THIS MOTION, you need take no further action.**

20    **IF YOU DESIRE TO OPPOSE THIS MOTION, pursuant to the Order of the Court**

21    **scheduling the hearing date on the Motion, objections or responses to the Motion, if any,**

22    **may be made orally but if in writing filed and served so as to be actually received by the**

23    **Court, the Debtor's counsel and the Office of the United States Trustee at the hearing on**

24    **the Motion.  You must serve a copy of your opposition or other pleadings relative to the**

25    **Motion upon the Debtor's counsel, Nanette D. Sanders, at Ringstad & Sanders LLP, located**

26    **at 2030 Main Street, Suite 1200, Irvine, California, 92614, and upon the Office of the United**

27    **States Trustee, located at 411 West Fourth Street, Suite 9041, Santa Ana, California, 92701.**

28    **Such opposition or other pleadings must also be timely filed (with a duplicate copy) with the**

*Ringstad & Sanders*
*LLP*
*2030 Main Street, 12th Floor*
*Irvine, California  92614*
*949.851.7450*

1  Bankruptcy Court Clerk, located 411 West Fourth Street, Suite 2030, Santa Ana,

2  California, 92701

3      **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f)(1)

4  further provides that any response or opposition is to consist of "[a] complete written

5  statement of all reasons in opposition thereto . . . declarations and copies of all photographs

6  and documentary evidence on which the responding party intends to rely, and any

7  responding memorandum of points and authorities".

8      **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(h)

9  provides that your failure to timely file and serve a response as set forth above may be

10 deemed by the Court to be your consent to the granting of the Motion.

11     **SEE LOCAL BANKRUPTCY RULE 9013-1**.

12     **WHEREFORE,** the Debtor respectfully requests that the Court enter an Order:

13     (1)    approving the compromise of controversy by and between the Debtor and the

14 Lenders, including the grant of relief from stay to BofA and CBB;

15     (2)    authorizing the Debtor to execute documents necessary to effectuate the

16 compromise its terms, including the Agreement itself;

17     (3)    authorizing Dynamic to borrow a sum not to exceed $200,000 from the Bonin

18 estate to pay necessary operating expenses, including professional fees, and real property taxes;

19     (4)    waiving the provisions of Rule 6004 of the Federal Rules of Bankruptcy

20 Procedure; and,

21     (5)    for such other and further relief as the Court deems just and proper.

22 Dated: December _15_, 2010                Respectfully Submitted,

23                                            RINGSTAD & SANDERS, LLP

24

25                          By: _____
                                 Todd C. Ringstad
26                               Nanette D. Sanders
                                 General Insolvency Counsel for
27                               Dynamic Builders, Inc., Debtor
                                 and Debtor-in-Possession
28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      Since the Petition Date, Dynamic has participated in negotiations with its creditors to

5  reach a consensual plan of reorganization which will serve the best interest of Dynamic's

6  bankruptcy estate and the related chapter 11 estate of the Bonins.  The Debtors and the Lenders

7  creditors have exchanged numerous drafts of plan term sheets.  As a result of these efforts the

8  parties have substantially agreed upon (subject to internal bank approvals) a term sheet (the "Plan

9  Term Sheet") that will be incorporated into, and serve as the basis of, the chapter 11 plans to filed

10  in the Dynamic and Bonin cases.  Consistent with the Plan Term Sheet and in aid of the

11  reorganization efforts of Dynamic and the Bonins, both are filing motions to, among other things,

12  approve the basic terms of the Plan Term Sheet and authorize the Bonin estate to make certain

13  interim distributions to creditors as detailed herein (collectively referred to hereinafter as the

14  "Motions").  The Bonin estate has ample funds to make the proposed distributions, such

15  distributions are consistent with the chapter 11 goals and strategy of Dynamic and the Bonins,

16  and such distributions will not prevent either estate from paying allowed administrative claims,

17  United States Trustee's fees, or any other of their obligations as debtors in possession.  For the

18  reasons stated herein and because Dynamic does not anticipate objections to this Motion, the

19  Dynamic requests that the Motion be granted.

20      Dynamic and the Bonins previously sought and obtained approval from the Court to have

21  their respective Motions heard on December 22, 2010 at 10:00 a.m.  Both Motions are being

22  heard on shortened time because a condition to approval of the Plan Term Sheet is that the Bonins

23  estate obtain authorization to make the interim distributions (and in fact make the distributions)

24  no later than December 30, 2010, and that the Dynamic estate obtain authorization to surrender

25  the Washington Food Center real property and cash collateral to BofA and to surrender the Lugo

26  property to Citizens on the terms herein prior to year end.  The interim payments and relief from

27  stay as to BofA and CBB are critical to the various Lenders and are material terms of the

28  proposed Plan Term Sheet.  The proposed interim distributions are not only vitally important to

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1  the creditors who are to receive them, and relief from stay critical to the support of BofA and

2  CBB of the Plan Term Sheet, but both also reflect the culmination of the debtor/lender plan

3  negotiations.  It would be a serious setback and create significant expense and delay if Dynamic

4  and the Bonins were unable to finalize and execute the Plan Term Sheet.

5                                         II.

6                          **STATEMENT OF FACTS**

7  A.     **Jurisdiction and Venue.**

8          On March 31, 2010, L. Ramon Bonin and Patty A. Bonin (the "Bonins"), the shareholders

9  of Dynamic Builders, Inc. (the "Debtor"), and the guarantors of the company's institutional debt,

10  commenced a voluntary Chapter 11 proceeding before this Court.  Immediately thereafter, also on

11  March 31, 2010, the Debtor commenced this proceeding by the filing of a voluntary petition (the

12  "Petition Date"), filing as a related case to that commenced by the Bonins.  In the interim, the

13  Debtor has continued in possession of its real property and other assets and has continued to

14  operate its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the

15  Bankruptcy Code.  No trustee or examiner has been appointed in this case.  The Court has

16  jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This is a core

17  proceeding pursuant to 28 U.S.C. Section 157(b)(2).  Venue over the Debtor's Chapter 11 case is

18  proper pursuant to 28 U.S.C. Sections 1408 and 1409.

19  B.     **Background and General Description of the Debtor.**

20          The Debtor, founded in 1964 by L. Ramon Bonin, is a general contractor, principally

21  involved in the construction of build to suit commercial/industrial buildings in the Los Angeles

22  area.  The company buys land with the intent to subdivide it into parcels or otherwise obtain

23  necessary entitlements, develops the site, and constructs commercial/industrial buildings on a

24  contract by contract basis.

25          The operations of the Debtor are overseen by Mr. Bonin, in his capacity as Chairman, and

26  his son Blaise Bonin, general manager.  Mr. Bonin's son-in-law, Ken Jackson, serves as the

27  Director of Sales.  The Bonins are the sole shareholders of Dynamic.

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12ᵗʰ Floor
Irvine, California 92614
949.851.7450

1.  **Properties and Secured Lenders.**

Set forth below is a summary of the properties owned by the Debtor at the outset of this case and the secured lenders (collectively, the "Secured Lenders") who financed the acquisition and construction of the Debtor's existing properties, and were granted a security interest in the real and personal property for the purpose of securing repayment of the loans[2]:

| Secured Creditor | Description of Property Subject to Creditors Lien | Scheduled Value[3] | Amount of Claim[4] |
|---|---|---|---|
| Bank of America | 3020-3090 E. Washington Los Angeles, CA Commercial Building | $58,010,000 | $47,449,799 |
| Bank of America | 2914 E. Washington, Los Angeles, CA Vacant Land | $1,124,872 | $1,266,335 |
| Citizens Business Bank | 2900 Lugo St. Los Angeles, CA Vacant Land  (the "Lugo property") | $1,689,350 | $2,100,000 |
| Citizens Business Bank | 16900 Main St Carson, CA Industrial Condos | $9,655,000 | $6,993,089 |
| Citizens Business Bank | 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |
| City National Bank | 1925 N. Marianne/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |
| City National Bank | 1000 E. Olympic Los Angeles, CA Vacant Land | $3,500,000 | $2,551,740 |
| City National Bank | 2035 Camfield    ("Gold's Gym") Commerce, CA Commercial Building | $7,000,000 | $13,446,000 |

[2]  The values reflected are those of Dynamic.  The Lenders do not necessarily agree with Dynamic's estimates of value or of the principal amount attributed to each loan/lender.
[3]  Values as reflected in the Debtor's Schedules.
[4]  Dynamic's estimated principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| City National Bank | 1105-1107 S. Boyle–Parcel 3<br>Los Angeles, CA<br>Vacant Land | $3,675,448 | $6,051,612 |
| City National Bank | 1115-1129 S. Boyle – Building 2<br>Los Angeles, CA<br>Warehouse/office building | $9,731,070 | $8,362,218 |
| City National Bank | 1133-1149 S. Boyle – Building 1<br>Los Angeles, CA<br>Warehouse/Office Building | $11,733,930 | $9,889,742 |
| City National Bank | 1151 & 1155 S. Boyle<br>Los Angeles, CA<br>Warehouse/office building | $6,718,040 | $4,793,388 |
| **TOTAL** | | **$130,790,612** | **$113,181,128** |

### 2. Comerica Bank.

The Bonins are co-borrowers with the Debtor on an unsecured obligation to Comerica related to an Amended and Restated Business Loan Agreement dated June 4, 2007 (the "Comerica Loan Agreement"). Under the Comerica Loan Agreement, Comerica provided Debtor and the Bonins with certain credit facilities on a combined, co-borrower basis. Prior to the Petition Date, the Debtor and the Bonins defaulted on the obligations to Comerica, and, as a result thereof, in May 2009 Comerica gave the co-obligors notice that it had accelerated the obligations due and later filed a complaint in the Orange County Superior Court entitled Comerica Bank v. Dynamic Builders, Inc., et al., Case No. 30-2009-00123616. In connection with this litigation Comerica filed an application for right to attach order and writ of attachment against the Debtor and the Bonins.

### 3. Events Leading to Bankruptcy Filing.

Multiple factors have converged resulting in the Debtor's current cash flow difficulties, and requiring both the company and the Bonins to reorganize their financial affairs under the protection of Chapter 11. Most significantly, unprecedented events in the real estate, credit and financial markets have led to the cancellation of purchase agreements by several customers, leaving the Debtor as a property owner and manager rather than seller of commercial properties.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    The Debtor and the Bonins acted swiftly to address the company's operating issues in

2    light of the foregoing circumstances by substantially reducing its workforce and actively

3    marketing not only its existing projects but also those in the planning stages. While the Debtor

4    and the Bonins focused their efforts on finding a solution to this unprecedented situation in the

5    company's 40 year very profitable history, certain creditors began taking actions that, absent the

6    commencement of the bankruptcy cases, would have had a disastrous effect on the ability of both

7    the Debtor and the Bonins to maximize the value of their assets and the enterprise as a whole.

8        With the assistance of FTI Consulting, the Debtor and the Bonins spent more than a year

9    pre-petition attempting to negotiate a complete restructure of its obligations to the Secured

10    Lenders and Comerica. These efforts were ultimately unsuccessful. However, as set forth below,

11    the Debtor believes it has developed a restructuring plan that will maximize the value of its real

12    estate assets, preserve on going operations and maximize the return to all creditors.

13        **4.    The Debtor's Restructuring Strategy.**

14        In this Chapter 11 case, among other things, the Debtor intends to: (1) utilize existing cash

15    on hand and future rents to continue operating its properties, while such properties are sold in the

16    ordinary course or further developed where appropriate; (2) restructure its existing debt

17    obligations and reformulate its balance sheet; (3) provide for treatment of creditor claims through

18    a Plan of Reorganization; and, (4) emerge from Chapter 11 as a viable, going concern. By

19    undertaking these efforts, the Debtor will preserve the going concern value of its business and

20    maximize the value of its real property assets for the benefit of all creditors.

21    **C.    The Plan Term Sheet – Provisions re Distributions and Relief to BofA and CBB.**

22        The Bonins are seeking authority to make the following distributions, which authority

23    they intend to exercise upon execution of the Plan Term Sheet. On or before December 30, 2010,

24    and subject to an order of the Bankruptcy Court, $7 million (the "Pre-Plan Distribution") shall be

25    paid from the Bonin estate pro rata to the general unsecured creditors of the Bonin estate,

26    consisting of Comerica's allowed unsecured claim, CNB's allowed unsecured claim, CNB's

27    temporarily estimated deficiency claims of $7 million and $2 million, and Citizens Business

28    Bank's estimated deficiency claim of $600,000.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**Citizens Business Bank.** CBB will be allowed a general unsecured deficiency claim in the Dynamic and Bonin estates in the amount of up to $600,000 on the loan secured by the Lugo property. CBB's deficiency up to the amount of $600,000 will be "trued up" and allowed in the actual amount of CBB's deficiency (in both estates), not to exceed $600,000. CBB will be entitled to foreclose on the Lugo property immediately or accept a deed in lieu, and the difference between its debt on the Lugo property and the amount CBB receives for the resale of the Lugo property (less brokerage costs and customary closing costs) shall be CBB's allowed deficiency claim amount (up to $600,000). CBB will be given immediate relief from stay to foreclose on the Lugo property or a deed in lieu (at CBB's option)[5].

**City National Bank.** For purposes of distributions to unsecured creditors, it will be temporarily assumed that CNB will have an unsecured deficiency claim of $7 million on the Gold's Gym loan and $2 million on its other loans, in each case subject to adjustment to actual upon the sale of each property. These amounts are estimates and will be trued up on actual sale prices achieved by Dynamic when the properties sell, or upon resale if CNB forecloses and resells.

In addition, the CNB unsecured note claim shall be allowed as a general unsecured, non-subordinated claim in the amount of $2,980,500, plus prepetition interest at the non-default contract rate,[6] plus attorneys' fees and other out-of-pocket expenses as provided in the loan documents.

**Comerica.** Comerica's claim (including CNB's participation therein) shall be allowed as a general unsecured, non-subordinated claim in the approximate amount of $29,880.660.08 (less $19,640.60 held by Comerica), plus prepetition interest at the non-default contract rate, plus attorneys' fees and other out-of-pocket expenses as provided in the loan documents.

---

[5] As part of the anticipated relief from stay agreements, which remain subject to BofA and CBB loan committee approval and documentation in the Plan Term Sheet to be signed by all parties, BofA and CBB will be provided releases and other consideration (including ex parte stipulations for the appointment of receivers and acknowledgement of debt), as more particularly outlined in the to be filed Plan Term Sheet and/or separate stipulations for relief from stay.
[6] Because the Dynamic and Bonin estates collectively are solvent, the Bonin unsecured creditors will also receive interest at an agreed-upon rate.

Ringstad & Sanders
LLP
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    Bank of America. In exchange for a waiver of any deficiency claim by BofA, or any

2    claim on its guaranty, the Bonins will transfer to BofA the funds in the deposit account held at

3    BofA (account number XXXX 02577) having a balance as of the Petition Date of approximately

4    $4,778,789.18, which funds were pledged to BofA as additional collateral prior to the Petition

5    Date. In addition, BofA will be allowed full and immediate relief from stay with regard to

6    BofA's real property collateral, specifically the Washington Food Center property. BofA will (at

7    its option) be given a deed in lieu, leave to appoint a receiver or conduct a foreclosure, or will

8    conduct a §363 sale and be granted relief from stay upon execution of a definitive Plan Term

9    Sheet. BofA will also be granted relief from stay as to the cash collateral generated by its real

10   property collateral following payment by Dynamic of all operating expenses associated with such

11   real property through the date of surrender to BofA. In exchange for this relief, BofA will waive

12   any deficiency claim against the Dynamic and Bonin estates that may exist following liquidation

13   of its collateral.

### III.

### ARGUMENT AND APPLICABLE LEGAL AUTHORITY

**A.    The Proposed Distributions are in the Best Interest of Dynamic and its Creditors.**

17   To the extent that the allowance of claims and treatment thereof is deemed to be in the

18   nature of a compromise of controversy, Federal Rule of Bankruptcy Procedure ("F.R.B.P")

19   9019(a) authorizes the compromise or settlement of controversies that arise during the

20   administration of a debtor's estate. When considering whether or not to approve a settlement, the

21   court must consider whether the settlement is fair and equitable. In re A & C Properties, 784 F.

22   2d 1377, 1381 (9th Cir. 1986). The focus of the inquiry is whether the settlement is reasonable

23   given the particular circumstances of the case. In re The General Store of Beverly Hills, 11 B.R.

24   539 (9th Cir. BAP 1981); In re Matter of Walsh Construction, Inc., 669 F.2d. 1325 (9th Cir.

25   1982). As a general matter, settlements or compromises are favored in bankruptcy and are, in

26   fact, encouraged because they avoid delay and expense. In re World Health Alternatives, Inc.,

27   344 B.R. 291, 296 (Bankr. D. Del. 2006); In re The General Store, supra at 541.

28

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    Applied here, the Dynamic and Bonin Motions resolve disputes with substantially all of

2    the creditors of both estates about the amount of their claims, priority, and treatment thereof. The

3    final allowance including approval of third party releases will be incorporated into the respective

4    chapter 11 plans filed in each case. Nonetheless, this Motion will enable Dynamic and the

5    Bonins to reach a consensual resolution of their bankruptcy cases and represents the work of

6    many months of negotiation over plan terms and treatment. If the Motion is not approved, the

7    parties will certainly spend additional time and money litigating over their respective rights with

8    no guaranty that a better resolution would be reached.

9    **B.    Relief from Stay is Appropriate Under the Circumstances of this Case.**

10    As set forth in the Bonin Declaration, the Washington Food Center property is subject to a

11    first priority deed of trust in favor of BofA in the outstanding principal amount of approximately

12    $48,700,000. Monthly rents generated by tenants as of October 2010 are approximately $76,000,

13    with monthly operating expenses totaling on average $45,000 (exclusive of property taxes).

14    Monthly interest only payments to Bof A are in excess of $220,000. The balance of funds on

15    hand in the Washington Food Center cash collateral account, after payment of the December 10,

16    2010 property tax installments, is approximately $585,000.

17    Dynamic has attempted to market and lease the Washington Food Center property for

18    more than two years. Although Dynamic is confident that credit tenants will ultimately be

19    acquired, until they are and funds are available to construct necessary tenants improvements to

20    the property, the full value of the Washington Food Center property cannot be realized and BofA

21    believes it may be undersecured by as much as $5,000,000.

22    As to the Lugo property, this is vacant land encumbered by a first priority deed of trust in

23    favor of Citizens in an amount equal to or in excess of its current market value. Dynamic does

24    not have the resources to pay even interest only debt service on this non-income producing

25    property.

26    Section 362(d)(2)(A) and (B) provide as follows:

27    On request of a party in interest and after notice and a hearing, the court shall grant
relief from the stay provided under subsection (a) of this section, such as by

28    terminating, annulling, modifying, or conditioning such stay –

Ringstad & Sanders
L.L.P.
2030 Main Street, 13th Floor
Irvine, California 92614
949.851.7450

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.

Here, at this juncture of Dynamic's reorganization effort, it is unclear whether the estate has any equity in the Washington Food Center property. It is however clear that the property is not necessary to an effective reorganization, and in fact will be a significant cash drain on the estate if Dynamic retains the property through a plan. As such, it is an appropriate exercise of Dynamic's business judgment to consent to relief from stay in favor of BofA, in exchange for a waiver from BofA of any deficiency claim against the Dynamic and Bonin estates.

The relief requested in the Motion is also appropriate pursuant to Bankruptcy Code Section 105 which provides in part: (a) [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105 (2009). Accordingly, Dynamic believes it is in the best interests of the estate and its creditors to allow BofA relief from stay to proceed with disposition of its collateral in exchange for BofA's waiver of any deficiency claim against both the Dynamic and Bonin estates.

As set forth above, the expense to the estate in maintaining the Washington Food Center property is significant and the risk to the estate that BofA will ultimately prove to be undersecured is considerable. Accordingly, Dynamic respectfully requests that relief be granted to permit BofA to accept a deed in lieu, appoint a receiver or conduct a foreclosure, or conduct a §363 sale upon execution of a definitive Plan Term Sheet, all in exchange for a release by BofA as to any deficiency claim that may exist following liquidation of its collateral.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**C.      The Requested Borrowing Should be Approved.**

Dynamic was previously authorized to borrow up to $500,000 from the Bonin estate in order to fund post petition operations. Based upon current projections, Dynamic may need an additional $200,000 to pay necessary operating expenses, including professional fees, and real property taxes, and requests authorization to borrow such funds from the Bonin estate.

Bankruptcy Code sections 364(a) and (b) provide:

> (a)      If the trustee is authorized to operate the business of the debtor under section…1108…of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

> (b)      The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

Pursuant to 11 U.S.C. § 1107(a), and subject to the limitations contained therein, a debtor in possession in a case under Chapter 11 is given all of the rights and powers, and shall perform all of the functions and duties of a trustee. *In re Sherwood Square Associates*, 107 B.R. 872, 875 (Bankr. D. MD. 1989)("The debtor-in-possession may incur post petition unsecured debt outside the ordinary course of business, but it must seeks the Bankruptcy Court's authority pursuant to 11 U.S.C. § 364(b). Notice and an opportunity for a hearing is required."); *In re Regensteiner Printing Co.*, 122 B.R. 323, 326 (N.D. Ill. 1990)).

Generally, courts give broad deference to the business decisions of a debtor-in-possession. *See, e.g., Richmond Leasing v. Capital Bank*, 762 F.2d 1303, 1311 (5th Cir. 1985). In particular, a bankruptcy court generally will respect a debtor in possession's business judgment regarding the need for, and the proposed uses of, funds. As the court noted in *Ames Department Stores,* the bankruptcy court should defer to a debtor in possession's reasonable business judgment so long as the proposed financing agreement does not contain terms that

- 15 -

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1    either leverage the bankruptcy process or that benefit a third party rather than the bankruptcy

2    estate:

3        . . . [T]he court's discretion under Section 364 is to be utilized

4        on grounds that permit reasonable business judgment to be

5        exercised so long as the financing agreement does not contain

6        terms that leverage the bankruptcy process and powers or its

7        purpose is not so much as benefit the estate as it is to benefit a

8        party-in-interest.

9    *In re Ames Dept Stores, Inc.*, 115 B.R. 34, 40 (Bankr.S.D.N.Y. 1990).

10        For more than a year prior to the Petition Date, the Bonins funded shortfalls in Dynamic's

11    finances from their personal funds. In light of this fact, the proposed loan is arguably in the

12    ordinary course of business of both Dynamic and the Bonins. As a transaction in the ordinary

13    course of business of the parties, pursuant to Bankruptcy Code Sections 363(c)(1) and 364(a), it

14    could be argued that the proposed loan does not require Court approval after notice and a hearing.

15    Nevertheless, out of an abundance of caution, and because the proposed loan transaction is

16    between "insiders" as that term is defined in 11 U.S.C. Section 101(31), Dynamic and the Bonins

17    believe it appropriate to seek the authority of the Court for the proposed loan.

18        Given its current level of operations, Dynamic may have a need for funds with which to

19    pay ordinary course operating expenses. Such funds would not be used to pay monthly interest or

20    adequate protection payments to any of the Lenders, but may be used to pay current real property

21    expenses and professional fees, as allowed by the Court. Dynamic seeks essentially a line of

22    credit in this amount so that funds can be obtained as needed without continuous Court orders.

23        In light of the foregoing facts and circumstances, the proposed loan from the Bonins to the

24    Debtor, in an amount not to exceed over time the sum of $200,000, on an unsecured,

25    administrative priority basis, to enable Dynamic to pay its necessary operating expenses, is a

26    proper exercise of the business judgment of both Dynamic and the Bonins, is in the best interest

27    of the individual bankruptcy estates of such parties, and should be approved by the Court.

28

Ringstad & Sanders
S.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

**D.**      **Rule 6004 Should be Waived.**

As noted herein, it is critical to the settlement/plan process that the proposed distribution to unsecured creditors and relief from stay to BofA be effectuated prior to the end of the 2010 calendar year.  With a hearing date of December 22, 2010, and the proposed distribution/relief from stay contingent upon final execution of the Plan Term Sheet, the 14-day stay imposed by Rule 6004 of the Federal Rules of Bankruptcy Procedure would preclude the Bonin estate from making the proposed distribution and the requested relief being available to BofA prior to year end.

The proposed Plan Term Sheet is in the best interests of the Dynamic and Bonin estates and their respective creditors.  Waiver of the stay of Rule 6004 will allow the settlement to proceed according to its proposed terms.

**VI.**

**CONCLUSION**

Based on the foregoing, the Debtor respectfully requests that the Court enter an Order:

(1)      approving the compromise of controversy by and between the Debtor and the Lenders, including the grant of relief from stay to BofA and CBB;

(2)      authorizing the Debtor to execute documents necessary to effectuate the compromise its terms, including the Agreement itself;

(3)      authorizing Dynamic to borrow a sum not to exceed $200,000 from the Bonin estate to pay necessary operating expenses, including professional fees, and real property taxes;

(4)      waiving the provisions of Rule 6004 of the Federal Rules of Bankruptcy Procedure; and,

///

///

///

///

///

///

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

1     (5)    for such other and further relief as the Court deems just and proper.

2    Dated: December _15_, 2010           Respectfully Submitted,

3                                    RINGSTAD & SANDERS, LLP

5                             By: _____

6                                Todd C. Ringstad
                                 Nanette D. Sanders

7                            General Insolvency Counsel for
                            Dynamic Builders, Inc., Debtor
                            and Debtor-in-Possession

*Ringstad & Sanders LLP, 2030 Main Street, 12th Floor, Irvine, California 92614, 949.851.7450*

## DECLARATION OF L. RAMON BONIN

I, L. Ramon Bonin, declare as follows:

1.      I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.

2.      My wife Patty A. Bonin and I are the debtors and debtors-in-possession in the bankruptcy case of In re L. Ramon Bonin and Patty A. Bonin, Case No. 8:10-bk-14067 TA.  We filed a petition under Chapter 11 of the Bankruptcy Code on March 31, 2010 ("Petition Date") and have continued in the possession of our property and the management of our affairs.

3.      My wife and I have been in the real estate development, construction, and sales business for many years.  We directly own seventeen properties in Los Angeles, Orange, Riverside and San Bernardino Counties and an additional building subject to a ground lease located in San Bernardino County.

4.      My wife and I also own 100% of the common stock of Dynamic Builders, Inc. ("Debtor" and/or "Dynamic"), a general contractor, principally involved in the construction of build to suit commercial/industrial building in the Los Angeles area.  The company buys land with the intent to subdivide it into parcels or otherwise obtain necessary entitlements, develop the site, and construct commercial/industrial buildings on a contract by contract basis.  The operations of Dynamic are overseen by me, in my capacity as Chairman, and my son Blaise Bonin, President and CEO.   Ken Jackson, who is my son-in-law, serves as the Director of Sales.

5.      As of the Petition Date, Dynamic owned the following real properties:

| Secured Creditor | Description of Property Subject to Creditors Lien | Scheduled Value[7] | Amount of Claim[8] |
| --- | --- | --- | --- |
| Bank of America | 3020-3090 E. Washington<br>Los Angeles, CA<br>Commercial Building | $58,010,000 | $47,449,799 |
| Bank of America | 2914 E. Washington, Los Angeles, CA<br>Vacant Land | $1,124,872 | $1,266,335 |

[7]  Values as reflected in the Debtor's Schedules.  The Debtor is in the process of amending the values of certain of the properties following consultation with the market and analysis of appraisal information provided by certain lenders.
[8]  Dynamic's estimate of principal balance as of the Petition Date.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| Citizens Business Bank | 2900 Lugo St. Los Angeles, CA Vacant Land (the "Lugo property") | $1,689,350 | $2,100,000 |
|---|---|---|---|
| Citizens Business Bank | 16900 Main St Carson, CA Industrial Condos | $9,655,000 | $6,993,089 |
| Citizens Business Bank | 400 Hudson Lane San Leandro, CA Vacant Land | $12,800,000 | $6,977,225 |
| City National Bank | 1925 N. Marianne/4671 Worth, Los Angeles, CA Vacant Land | $5,152,902 | $3,299,980 |
| City National Bank | 1000 E. Olympic Los Angeles, CA Vacant Land | $3,500,000 | $2,551,740 |
| City National Bank | 2035 Camfield ("Gold's Gym") Commerce, CA Commercial Building | $7,000,000 | $13,446,000 |
| City National Bank | 1105-1107 S. Boyle–Parcel 3 Los Angeles, CA Vacant Land | $3,675,448 | $6,051,612 |
| City National Bank | 1115-1129 S. Boyle – Building 2 Los Angeles, CA Warehouse/office building | $9,731,070 | $8,362,218 |
| City National Bank | 1133-1149 S. Boyle – Building 1 Los Angeles, CA Warehouse/Office Building | $11,733,930 | $9,889,742 |
| City National Bank | 1151 & 1155 S. Boyle Los Angeles, CA Warehouse/office building | $6,718,040 | $4,793,388 |
| **TOTAL** | | **$130,790,612** | **$113,181,128** |

6.     Dynamic filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2010.

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

7.    Since the commencement of our respective bankruptcy cases, the Debtor, as well as my wife and I, have remained in possession of our respective property, and continue to operate and manage our business affairs as a debtors-in-possession.

8.    My wife and I have personally guaranteed Dynamic's financial obligations to its three secured lenders, Bank of America ("BofA"), City National Bank ("CNB") and Citizens Business Bank ("CBB"). Such personal guarantee obligations may exceed $145,000,000. For more than a year prior to the Petition Date, we funded shortfalls in Dynamic's finances from their personal funds. This was done in part to ensure that Dynamic met its obligations, but also because such payments benefited the Debtors by reducing their exposure on personal guaranties. Because we guaranteed all of Dynamic's institutional debt, a default by Dynamic would have had a direct and dramatic negative impact on us personally.

9.    My wife and I have filed a motion in our Chapter 11 proceeding pursuant to which we are seeking authority to make the following distributions:  On or before December 30, 2010, and subject to an order of the Bankruptcy Court, $7 million (the "Pre-Plan Distribution") shall be paid pro rata to our unsecured creditors, consisting of Comerica's allowed unsecured claim, CNB's allowed unsecured claim, CNB's temporarily estimated deficiency claims of $7 million and $2 million, and Citizens Business Bank's estimated deficiency claim of $600,000.

10.    By the motion in our personal case and this motion in the Dynamic case, we are also seeking Court approval of the general terms of a Plan Term Sheet that is the result of months of negotiation between my wife and I, Dynamic and the lenders.  The general terms of the Plan Term Sheet can be described as follows:

Citizens Business Bank.  CBB will be allowed a general unsecured deficiency claim in the Dynamic and Bonin estates in the amount of up to $600,000 on the loan secured by the Lugo property. CBB's deficiency up to the amount of $600,000 will be "trued up" and allowed in the actual amount of CBB's deficiency (in both estates), not to exceed $600,000. CBB will be entitled to foreclose on the Lugo property immediately or accept a deed in lieu, and the difference between its debt on the Lugo property and the amount CBB receives for the resale of the Lugo property (less brokerage costs and customary

Ringstad & Sanders
L.L.P.
2030 Main Street, 17th Floor
Irvine, California 92614
949.851.7450

closing costs) shall be CBB's allowed deficiency claim amount (up to $600,000). CBB will be given immediate relief from stay to foreclose on the Lugo property or a deed in lieu (at CBB's option)[9].

City National Bank. For purposes of distributions to unsecured creditors, it will be temporarily assumed that CNB will have an unsecured deficiency claim of $7 million on the Gold's Gym loan and $2 million on its other loans, in each case subject to adjustment to actual upon the sale of each property. These amounts are estimates and will be trued up on actual sale or resale prices achieved in the manner described above. In addition, the CNB unsecured note claim shall be allowed as a general unsecured, non-subordinated claim in the Debtors' estate in the amount of $2,980,500, plus prepetition interest at the non-default contract rate, plus attorneys' fees and other out-of-pocket expenses as provided in the loan documents.

Comerica. Comerica's claim (including CNB's participation therein) shall be allowed as a general unsecured, non-subordinated claim in the Debtors' estate in the approximate amount of $29,880.660.08 (less $19,640.60 held by Comerica), plus prepetition interest at the non-default contract rate, plus attorneys' fees and other out-of-pocket expenses as provided in the loan documents.

BofA. We will transfer to BofA the funds in the deposit account held at BofA (account number XXXX 02577) having a balance as of the Petition Date of approximately $4,778,789.18, which funds were pledged BofA as additional collateral prior to the Petition Date. We will also allow BofA to obtain its collateral in exchange for a waiver of BofA's deficiency and guaranty claims against Dynamic and the Bonins. In addition, BofA will be allowed full and immediate relief from stay with regard to BofA's real property collateral, specifically the Washington Food Center property[10]. BofA will (at its

---

[9] As part of the anticipated relief from stay agreements, which remain subject to BofA and CBB loan committee approval and documentation in the Plan Term Sheet to be signed by all parties, BofA and CBB will be provided releases and other consideration (including ex parte stipulations for the appointment of receivers and acknowledgement of debt), as more particularly outlined in the to be filed Plan Term Sheet and/or separate stipulations for relief from stay.
[10] The Washington Food Center property includes the real properties generally described as 3000 and 3020-3250 East Washington Boulevard, Los Angeles, California.

Ringstad & Sanders
L.L.P.
2030 Main Street, 1⁵ᵗʰ Floor
Irvine, California  92614
949.851.7450

Ringstad & Sanders
L.L.P.
2030 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

option) be given a deed in lieu, leave to appoint a receiver or conduct a foreclosure, or will conduct a §363 sale and be granted relief from stay upon execution of a definitive Plan Term Sheet. BofA will also be granted relief from stay as to the cash collateral generated by its real property collateral following payment by Dynamic of all operating expenses associated with such real property through the date of surrender to BofA.

Available Cash. After making these distributions, I project that my wife and I will have approximately $5 million cash available at the time of their plan confirmation hearing. This amount assumes approximately $16,652,664 cash on hand less approximately $4,778,789 (plus interest) to Bank of America as described above, and less $7 million to be distributed pursuant to Motion.

11.    The Washington Food Center property is subject to a first priority deed of trust in favor of BofA in the outstanding principal amount of approximately $48,700,000. Monthly rents generated by tenants as of October 2010 are approximately $76,000, with monthly operating expenses totaling on average $45,000 (exclusive of property taxes). Monthly interest only payments to Bof A are in excess of $220,000. The balance of funds on hand in the Washington Food Center cash collateral account, after payment of the December 10, 2010 property tax installments, is approximately $585,000.

12.    As to the Lugo property, which is located at 2900 Lugo St., Los Angeles, CA, this is vacant land encumbered by a first priority deed of trust in favor of Citizens in an amount equal to or in excess of its current market value. Dynamic does not have the resources to pay even interest only debt service on this non-income producing property.

13.    The proposed loan to Dynamic, in an amount not to exceed $200,000, will be on an unsecured basis, with administrative priority repayment status such that funds borrowed can be repaid to our estate from sales of Dynamic's real properties that generate free and clear funds. Dynamic seeks essentially a line of credit in this amount so that funds can be obtained as needed pursuant to the budget without continuous Court orders.

14.    I believe that a loan on these terms is in the best interest of the Dynamic estate, my wife and I, and creditors of both bankruptcy estates, and is a proper exercise of Dynamic's

1  business judgment.

2       15.    Dynamic is in the process of preparing comprehensive operating budgets in

3  support of the Plan Term Sheet. I estimate that through the first quarter of 2011, pending

4  confirmation of reorganization plans in both the Dynamic and Bonin estates, Dynamic may need

5  an additional $200,000 to pay for operating and construction project expenses, including real

6  property tax payments and professional fees as allowed and approved for payment.

7       16.    I believe that the Motion, the proposed distributions and proposed relief from stay

8  for BofA, are in the best interest of both the Dynamic and Bonin bankruptcy estates and their

9  creditors, and is a proper exercise of Dynamic's business judgment.

10

11       I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct. Executed on December ___, 2010, at _____,

13  California.

14

15  L. Ramon Bonin

16

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
1000 Main Street, 12th Floor
Irvine, California 92614
949.851.7450

| | |
|---|---|
| In re: Dynamic Builders, Inc.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:10-14151 TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2030 Main Street, Suite 1200, Irvine, CA 92614

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION BY DEBTOR FOR ORDER: (1) APPROVING COMPROMISE  WITH SECURED CREDITORS BANK OF AMERICA AND CITIZENS BUSINESS BANK; (2) GRANTING RELIEF FROM STAY AS TO SPECIFIED COLLATERAL; (3) AUTHORIZING BORROWING PURSUANT TO §§ 364 (a) AND (b); AND, (4) WAIVING THE PROVISIONS OF RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF L. RAMON BONIN IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On   December 15, 2010   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raymond G Alvarado    ralvarado@adorno.com
- James C Bastian    jbastian@shbllp.com
- Theodore A Cohen    tcohen@sheppardmullin.com, amontoya@sheppardmullin.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Mark D Houle    mark.houle@pillsburylaw.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- David J Mccarty    dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford    jtedford@dgdk.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, a nd/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          **F 9013-3.1**

| In re: Dynamic Builders, Inc. | CHAPTER 11 |
| | CASE NUMBER 8:10-14151 TA |
| Debtor(s). | |

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>December 15, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Via Personal Delivery**: Honorable Theodor C. Albert, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Bin Outside Room 5097, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 15, 2010 | Arlene Tavares | *Arlene Tavares* |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**